Ganassi *v.* Pittsburgh Coal Company, Appellant.

Argued November 14, 1947. Before RHODES, P. J., HIRT, DITHRICH, ROSS, ARNOLD and FINE, JJ. (RENO, J., absent).

*Howard Y. Crossland,* with him *Harold R. Schmidt* and *Rose, Eichenauer, Stewart & Rose,* for appellant.

*Samuel Krimsly,* for appellee.

OPINION BY RHODES, P. J., March 8, 1948:

This is a workmen's compensation case in which the employer has appealed from the judgment of the court below entered on an award of the Workmen's Compensation Board in favor of claimant. Claimant was employed at a mine of appellant located in Elizabeth Township, Allegheny County, across the Youghiogheny River from claimant's place of residence. Claimant and others cross the river by an overhead ferry, and access to the mine from the river side is by a township road. Three tracks, constituting a siding to appellant's mine tipple, cross this township road and connect with the main tracks of the Pittsburgh & Lake Erie Railroad Co. The siding is used to shift empty and loaded coal cars to and from appellant's tipple. The crews and cars are furnished by the railroad company. The siding was originally built in connection with the mine property, and has been continuously so used. The cars are moved at the request and direction of appellant. Appellant's employees drop cars on the siding by hand when no shifting engine is available. Appellant's property adjoins the tracks on both sides. On the river side are buildings and parking facilities for appellant's employees. Appellant's employees were required to use this crossing as there was no other way to get from appellant's mine to the ferry which claimant and others used. Appellant frequently had the crossing blocked by coal cars, especially when the men came from work, and it was usual for the employees to cross between the standing cars, otherwise the men, warm and sweaty in their damp pit clothes, would be obliged to wait in the cold atmosphere running the risk of pneumonia or other illness from exposure. Appellant had no wash house where

its employees could change clothes after coming out of its mine. Appellant's officials had knowledge of the conduct of its employees at the crossing over its siding.

Claimant sustained an accidental injury at this crossing on January 16, 1945. He had just come out of appellant's mine and was on his way to the ferry which he intended to take to his home. He was in his pit clothes which were damp and wet. The weather was cold and the entire territory was covered with a heavy snow. Claimant, having completed his work at 3:08 p.m., left the lamp house where the employees start and finish the day's work, and proceeded toward the ferry by way of the crossing. He found it blocked by coal cars which were standing on the first track of the siding nearest the mine. A number of men including claimant crossed over between the standing cars. Claimant's left foot slipped on the icy surface of the crossing in stepping down on the other side of the cars. Before he could extricate his foot, the car moved, and he sustained the foot injuries in question.

The factual situation in this case is not in dispute. The question presented is whether claimant's accidental injury was sustained in the course of his employment, under section 301 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended by the Act of June 21, 1939, P. L. 520, § 1, 77 PS § 411.

Section 301, 77 PS § 411, provides in part as follows: "The term 'injury by an accident in the course of his employment,' . . . shall include all injuries caused by the condition of the premises or by the operation of the employer's business or affairs thereon, sustained by the employe, who, though not so engaged [i. e., in the furtherance of the business or affairs of the employer], is injured upon the premises occupied by or under the control of the employer, or upon which the employer's business or affairs are being carried on, the employe's presence thereon being required by the nature of his employment."

We think it is apparent from the facts that claimant was injured on premises upon which appellant's business or affairs were being carried on. In the first place, claimant's accident occurred on the property used in connection with appellant's mine where it carries on the business in which claimant was employed; it follows that the siding is an essential part of appellant's "operating premises." *DiCicco v. Downs Carpet Company, Inc.*, 137 Pa. Superior Ct. 483, 487, 9 A. 2d 183; *Young v. Hamilton Watch Co.*, 158 Pa. Superior Ct. 448, 450, 451, 45 A. 2d 261. The siding does not cease to be the "premises" of the employer in this case although the public also uses this crossing where the accident occurred. *Feeney v. N. Snellenburg & Co. et al.*, 103 Pa. Superior Ct. 284, 157 A. 379; *Dougherty v. Bernstein & Son et al.*, 160 Pa. Superior Ct. 587, 52 A. 2d 370. A public road may be "premises" of an employer. *Meucci v. Gallatin Coal Co. et al.*, 279 Pa. 184, 186, 123 A. 766. Appellant not only uses the siding as a necessary part of its main operation, but the particular crossing in question is used to move timber and other supplies from various storage places on the river side of the tracks to appellant's mine. The siding for all practical purposes is used exclusively in connection with appellant's mining operations; and the cars which were on the siding, including the one which injured claimant, were there solely in appellant's business. The specific purpose of the siding is to move coal from appellant's mine. This movement has always been under the control and direction of appellant whether the railroad company employees did the actual moving or whether the cars were moved manually along the siding and across the roadway by appellant's employees.

We are also of the opinion that under the facts claimant's presence on this crossing at the time of the accident was required by the nature of his employment. Appellant argues that claimant could not have used a more unsafe, dangerous, and reckless method in leaving appel-

lant's premises after he had finished his day's work. The answer to this is that the condition was created by appellant; and it controlled the situation of which it now complains. It had completely blocked the only way which claimant had to leave its premises. The pathway across the tracks was obstructed by the cars which were moved at the order and direction of appellant. This was not an isolated incident, but the customary and usual practice. In *Jenkins v. Glen Alden Coal Co.*, 126 Pa. Superior Ct. 326, 191 A. 227, the claimant was injured while riding a motor which he had boarded to ride to the foot of the shaft, where he would leave defendant's mine, after the conclusion of his day's work. We said (page 329 of 126 Pa. Superior Ct., page 228 of 191 A.) : "The nature and place of his work required him to use this passageway. He was following an authorized and recognized route and was therefore at the time of the injury where he not only had the right, but necessarily at some time had, to be, to get off the employer's premises. True, his day's duties had ended, but actual work does not have the same meaning as 'course of employment.' . . . The claimant's employment did not end until a reasonable opportunity had been afforded him to leave his employer's premises." See, also, *Wolsko v. American Bridge Co. et al.*, 158 Pa. Superior Ct. 339, 348, 44 A. 2d 873.

We agree with the compensation authorities and the court below that claimant was injured on the premises of appellant, and that the nature of his employment required him to be at the particular place where he was injured. Appellant afforded no other means for him to leave its mine and reach his home. As a part of its operation it created a condition which brought about claimant's injury. Claimant's failure to wait, under circumstances which might impair his health, until the cars had been removed from the siding is no bar to his recovery for his accidental injury. Appellant had placed claimant in a situation where he was forced to choose

between two courses of conduct in leaving appellant's premises: (1) Attempt to cross in the customary manner between the coal cars, which were blocking the crossing on appellant's orders, or (2) wait in the cold with possible disastrous results to his health until appellant's operational undertaking had been completed. Under the circumstances he was not absolutely required to do the latter. Claimant was injured in using the only means of egress from appellant's mine made available to him. In thus leaving appellant's premises and his place of employment he was still in the course of his employment when injured, and his accidental injury is compensable.

The award on the law and on the facts was justified, and the judgment will be affirmed.

Judgment is affirmed.