Lints *v.* Delaware Ribbon Manufacturers, Inc., Appellant.

Argued March 20, 1953. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, GUNTHER and WRIGHT, JJ.

*Paul H. Ferguson,* for appellants.

*Sol R. Gitman,* for appellee.

OPINION BY ROSS, J., July 14, 1953:

In this workmen's compensation case Anna E. Lints seeks compensation for certain injuries alleged to have been the result of an accidental fall occurring in the course of her employment with the defendant, Delaware Ribbon Manufacturers, Inc. The compensation authorities made an award, the Court of Common Pleas No. 5 of Philadelphia County, after dismissing the appeal, entered judgment on the award, and this appeal was taken by the employer and its insurance carrier.

Pennsylvania Ribbon Manufacturers is the owner of a three-story building with a basement and sub-basement "which is considered a four-story building", located at Seventh and Somerset Streets in Philadelphia. Pennsylvania Ribbon leased to the defendant the third floor and the second floor annex of the building, reserving for its own use the first floor and the basement and the first floor annex. A cafeteria in a portion of the building reserved by Pennsylvania Ribbon is located on the Somerset Street side of the lower basement of the building with a direct entrance from Somerset Street.

The claimant was employed by Delaware Ribbon in its plant to perform a task known as "barreling". The employer scheduled a Christmas party for its employes to be held in Pennsylvania Ribbon's cafeteria

commencing at noon on December 21, 1950. Claimant testified that attendance at the party was necessary "in order to be paid for the day", a fact which she knew because her foreman had told her so some two years before the party under consideration. Claimant entered the cafeteria by the Somerset Street entrance at noon to attend the party. There is no evidence with respect to her activities during the afternoon. However, she, accompanied by some friends, left the party after dinner, and it is conceded that when she left she did not intend to return. Subsequently she changed her mind and decided to return to the party and in attempting to do so she fell and sustained the injuries which are the basis of her claim in this case.

If it be ascertained that an accident occurred *off* the employer's premises, it must affirmatively appear that the injured employe was "actually engaged in the furtherance of the business or affairs of the employer" at the time of the accident. *Fulwiler v. Mack-International Motor Truck Corp.,* 137 Pa. Superior Ct. 421, 424, 9 A. 2d 173; *Kirker v. W. M. McIntosh Co.,* 156 Pa. Superior Ct. 199, 203, 39 A. 2d 846. Here it is clear that the claimant was not actually furthering the business of her employer when she was injured. Consequently, the only question before us, a legal one, (*Wolsko v. American Bridge Co.,* 158 Pa. Superior Ct. 339, 44 A. 2d 873), is whether at the time of her injury the claimant was on the "premises" of her employer within the meaning of the term as used in section 301 of the Workmen's Compensation Act of 1915 as re-enacted and amended by the Act of June 21, 1939, P. L. 520, sec. 1, 77 PS sec. 411.

The word "premises" in the act is limited to the property of the employer used in connection with the actual place of work where the employer carries on

the business in which the employe is engaged. *Meucci v. Gallatin Coal Co.*, 279 Pa. 184, 123 A. 766; *Hopwood v. Pittsburgh*, 152 Pa. Superior Ct. 398, 33 A. 2d 658. It is well settled that to be considered as happening on the "premises" of the employer the accident must have occurred on property owned, leased or controlled by the employer and so connected with the business in which the employe is engaged, as to form a component or integral part of it. *Feeney v. N. Snellenburg & Co.*, 103 Pa. Superior Ct. 284, 157 A. 379; *Wolsko v. American Bridge Co.*, supra, 158 Pa. Superior Ct. 339, 44 A. 2d 873; *Young v. Hamilton Watch Co.*, 158 Pa. Superior Ct. 448, 45 A. 2d 261.

Claimant testified that when she and her friends left the party they went "outside of the building" and "around in back of the shop". The area traveled was a part of the plant claimant had never "been around" before. When she attempted to re-enter the building she "opened this door" and fell into the "boiler room". The uncontradicted testimony of defendant's plant superintendent is to the effect that the boiler room in question was a "separate building . . . joined to the main building", and that to reach it from the cafeteria it would have been necessary to walk some 500 feet over a "devious . . . U route", passing through a warehouse, a "finishing room and blocking room" and the "normal engine room". It may reasonably be inferred from the evidence that claimant and her companions emerged from the building onto a driveway from a door in the "normal engine room". The boiler room apparently adjoins the engine room but its floor is lower by some five feet. When claimant attempted to re-enter the building alone, she presumably confused the boiler room doors with those of the engine room. She fell and was injured because there was a five-foot drop immediately behind the boiler room doors. The entire

route traveled by claimant and her friends and the boiler room into which she fell was property owned and under the control of Pennsylvania Ribbon and not Delaware Ribbon, claimant's employer.

Where an entrance or exit is *provided* by the employer for his employes ( *Black v. Herman,* 297 Pa. 230, 232, 146 A. 550) ; or where such exit or entrance is *available and intended for use* (*DiCicco v. Downs Carpet Co., Inc.,* 137 Pa. Superior Ct. 483, 486, 9 A. 2d 183) ; or is *the usual means of ingress and egress* within the landlord's building, to the tenant-employer's place of business (*Dougherty v. Bernstein,* 160 Pa. Superior Ct. 587, 588, 52 A. 2d 370) ; or where the employe *must* traverse property of the employer or of the employer's landlord or employer to reach or leave work (*Pineda v. Oliver B. Cannon & Son, Inc.,* 172 Pa. Superior Ct. 625, 629, 93 A. 2d 902) ; then such entrance or exit, whether located on property under the control of the employer or not, is a part of the employer's "premises". In the case at bar claimant left the employer's Christmas party and attempted to return to it over a circuitous route lying completely over property owned and controlled by the employer's landlord, Pennsylvania Ribbon. The path taken by claimant was completely unfamiliar to her; and there is no evidence that the route was "provided" by Delaware Ribbon, that it was a "usual" means of ingress or egress to or from the employer's plant, and certainly no evidence that it was a *necessary* means.

The most that can be said for claimant is that she was en route to "work" when she opened the boiler room doors and fell into the building. She had not as yet reached the employer's premises. It is well established that *in the absence of special circumstances* an accidental injury in going to work or returning is not compensable. *Kerwin v. Susquehanna Collieries Co.,* 112

Pa. Superior Ct. 594, 172 A. 24; *Hohman v. George H. Soffel Co.,* 157 Pa. Superior Ct. 274, 276-277, 43 A. 2d 361, affirmed 354 Pa. 31. There are here no "special circumstances" to save claimant's case and the general rule is applicable.

Judgment reversed and here entered for defendant.