Eberle *v.* Union Dental Company et al.,
Appellants.

Argued October 3, 1956. Before RHODES, P. J., HIRT,
GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*Peter P. Liebert, 3rd,* with him *John J. McDevitt, 3rd,* for appellants.

*Stephen Marc Feldman,* with him *Joseph G. Feldman, Edward J. Marcantonio,* and *Feldman & Feldman,* for appellee.

OPINION BY HIRT, J., December 28, 1956:

Claimant had been in the employ of defendant as a bench hand, making forceps, for many years. At the end of his work-day at about 5:30 p.m. on June 17, 1952 he suffered an injury from accident. In this workmen's compensation case the board affirmed the referee in awarding benefits and the court entered judgment on the award. The single question in this appeal is whether the accident occurred on "the premises" of the employer within the contemplation of §301(c) of the Act of June 2, 1915, P. L. 736, 77 PS §411, as amended. That section provides: "The term 'injury by an accident in the course of his employment,' as used in this article . . . shall include all injuries caused by the condition of the premises or by the operation of the employer's business or affairs thereon, sustained by the employe, who, though not so engaged [i.e., in the furtherance of the business of the employer], is injured upon the premises occupied by or under the control of the employer, or upon which the employer's business or affairs are being carried on, *the employe's presence thereon being required by the nature of his employment."* (Emphasis added.)

The defendant dental company was one of several tenants occupying space in a four-story building at Thirty-second and Arch Streets in the City of Philadelphia. The premises occupied by this employer was

the entire third floor of the building and a part of the first floor. The lease describes a "shipping area" on the first floor of the building which was also used by Union Dental Company as a stock room. There was a driveway, surfaced with paving bricks, running from Thirty-second Street across the cement sidewalk to a loading platform on the building line opening into the stock room. And it is conceded that ever since 1949 Union Dental Company has had the exclusive use of the loading platform for access to the area on the first floor which it occupied under its lease.

Claimant with other workmen, according to custom, had walked down the stairs from the third floor to an exit on Thirty-second Street. The driveway from Thirty-second Street to the loading platform is about 15 feet south of the steps upon which claimant descended from the building to the cement sidewalk. As he proceeded south he slipped on a banana peel in crossing the brick driveway and was injured when he fell.

The rule is that "An accident, to be considered as happening on the premises of the employer, must have occurred on property owned, leased, or controlled by the employer and so connected with the business in which the employee is engaged as to form a component or integral part of it": *Young v. Hamilton Watch Co.*, 158 Pa. Superior Ct. 448, 45 A. 2d 261. *Grazer v. Consolidated Vultee Aircraft*, 161 Pa. Superior Ct. 434, 55 A. 2d 538.

There is no dispute as to essential facts; the questions therefore whether the place where the injury occurred was a part of the premises of the employer and whether claimant's presence thereon was required by the nature of his employment when he fell were wholly of law for the court and not of fact for the compensation authorities. *Kattera v. Burrell Const. & Sup. Co.*, 152 Pa. Superior Ct. 591, 33 A. 2d 498; *Dougherty v.*

*Bernstein & Son,* 160 Pa. Superior Ct. 587, 52 A. 2d 370.

The brick driveway, twelve feet in width and ten feet in length from the street to the loading platform, was a part of the employer's premises within the purview of §301(c) of the act. The use of the driveway by trucks in the defendant's service was essential to getting raw materials into the building and the removal of defendant's manufactured products from its shipping room on the first floor. The fact therefore that the driveway crosses a public sidewalk does not prevent it from also being regarded as a part of the defendant's premises, as a matter of law. "Premises" within the meaning of the Act may cover even a public road used and maintained by the employer for the operation of his business. *Meucci v. Gallatin Coal Co.,* 279 Pa. 184, 123 A. 766. Cf. *Feeney v. N. Snellenburg & Co.,* 103 Pa. Superior Ct. 284, 157 A. 379. The driveway was an integral part of the defendant's premises since (unlike the situation presented in *Wiles v. American Oil Co.,* 105 Pa. Superior Ct. 282, 161 A. 467) it was essential to the functioning of its manufacturing processes and the marketing of its products. Cf. *Pineda v. Oliver B. Cannon & Son, Inc.,* 172 Pa. Superior Ct. 625, 93 A. 2d 902.

The difficulty confronting claimant in this appeal however is that his presence on the driveway was not "required by the nature of his employment." Claimant's use of the stairway in the building in going to his place of work and in leaving the building at the end of the day were required by his assignment to a bench on the third floor for the performance of his duties. And the fact that the public had the use of the brick driveway as a part of the sidewalk did not as a matter of law prevent claimant from successfully asserting that it was also a part of the employer's premises. Cf. *Meucci v. Gallatin Coal Co.,* supra. But when

claimant stepped to the cement sidewalk at the foot of the stairs, as he left the building, his employment for the day terminated. On reaching the sidewalk claimant turned south to his right, but not because of anything further required of him "by the nature of his employment". He headed south "to get the el." When he stepped on to the brick driveway the reciprocal obligations of claimant and the employer, each to the other, had been satisfied for the day. When injured, claimant was no more than a member of the public using the sidewalk as a pedestrian—the purpose for which this part of the street had been dedicated for public use. He might have turned to his left on leaving the building instead of to his right. His employer was not interested in the route selected by him over public streets or sidewalks on his way home after his work for the day was fully ended; there was nothing in the nature of his employment which required him to walk upon the driveway.

What we said, speaking through Judge Ross, in *Lints v. Delaware Ribbon Mfgrs.* 173 Pa. Superior Ct. 540, 544, 98 A. 2d 643, is pertinent, to this effect: "Where an entrance or exit is *provided* by the employer for his employees ( Black v. Herman, 297 Pa. 230, 232, 146 A. 550) ; or where such exit or entrance is *available and intended for use* (DiCicco v. Downs Carpet Co., Inc., 137 Pa. Superior Ct. 483, 486, 9 A. 2d 183) ; or is *the usual means of ingress and egress* within the landlord's building, to the tenant-employer's place of business (Dougherty v. Bernstein, 160 Pa. Superior Ct. 587, 588, 52 A. 2d 370) ; or where the employe *must* traverse property of the employer or of the employer's landlord or employer to reach or leave work (Pineda v. Oliver B. Cannon & Son, Inc., 172 Pa. Superior Ct. 625, 629, 93 A. 2d 902) ; then such entrance or exit, whether located on property under the control of the employer or not, is a part of the employer's

'premises'." Here however, as in the *Lints* case it was not necessary for the claimant-employe to traverse his employer's property at the place of the injury to reach or to leave his work.

Judgment reversed and here entered for appellants.