## Eberle, Appellant, *v.* Union Dental Company.

Argued June 4, 1957.   Before JONES, C. J., BELL, CHIDSEY, MUSMANNO, ARNOLD, JONES and COHEN, JJ.

reargument refused September 27, 1957.

*Joseph G. Feldman,* with him *Stephen Marc Feldman, Edward J. Marcantonio,* and *Feldman and Feldman,* for appellant.

*Peter P. Liebert, 3rd,* with him *John J. McDevitt, 3rd,* for appellees.

OPINION BY MR. JUSTICE BELL, June 28, 1957:

Eberle applied for Workmen's Compensation, averring that he "was leaving the premises of his employer at about 5:35 p.m. on June 17, 1952" and "slipped on a banana peel" and fractured his pelvis. He subsequently died, as did his widow, and the present claim is being made by his son and heir for Workmen's Compensation for the period from the date of his injury, namely, June 17, 1952, until his death on September 12, 1955.

The pertinent facts are briefly as follows:

Eberle, a man then seventy years of age, was employed by Union Dental Instrument Manufacturing Company as a bench hand. The Dental Company was *one of a number of tenants* in a building at 32nd and Arch Streets, Philadelphia. Claimant's place of employment was on the third floor of the building. On the day of the accident he had completed his day's work, left the third floor, walked down to the street, walked out of the building through an exit door on the 32nd Street side of the building and walked south on the public sidewalk on 32nd Street to go to his home. Eberle slipped and fell on a driveway which crossed the public sidewalk and led to a loading door of the building which was used by the Union Dental Company. The "driveway" in question is a brick paved section of the public sidewalk on the west side of 32nd Street. The loading door abutting this portion of the sidewalk was marked with a sign: "Union Dental Company Dasher Manufacturing Company Shipping and Receiving."

The lease by the owners of the building to Union Dental Company provides: "All covenants and agreements herein contained to the contrary notwithstanding, it is understood and agreed that an area approximately twelve feet by thirty feet in the rear portion

of the demised premises at the loading door is reserved by lessor for use as a *common** shipping area for the occupants of other portions of the building of which the demised premises is a part. Lessee agrees that lessor may at any time during the term of this lease or any renewal thereof, erect an enclosure or partition to divide said shipping area from the first floor of the said south building. . . ."

Notwithstanding this lease, it was conceded that ever since 1949 Union Dental Company has had the exclusive use of the loading platform for access to the area on the first floor which it occupied under its lease.

This case is governed by Article III, Sec. 301 of the Act of June 2, 1915,** as amended: ". . . The term *'injury by an accident in the course of his employment'*, . . . shall include all other injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere, and shall include all injuries caused by the condition of the premises or by the operation of the employer's business or affairs thereon, sustained by the employe, who, though not so engaged, is injured upon the premises occupied by or under the control of the employer, or upon which the employer's business or affairs are being carried on, *the employe's presence thereon being required by the nature of his employment."*

There is no contention in this case that the injury was caused by an accident in the course of his employment or that Eberle was engaged in furthering his employer's business at the time of the accident; on the contrary, he had finished his work and was headed home.

---

* Italics throughout, ours.

** P. L. 736, as amended by Act of June 21, 1939, P. L. 520, 77 P.S. Sec. 411.

The Referee and the Workmen's Compensation Board and the Court of Common Pleas found for the plaintiff. The Superior Court in *Eberle v. Union Dental Company*, 182 Pa. Superior Ct. 519, 128 A. 2d 136, reversed. Judge Hirt found as a matter of law that claimant's injury occurred on the premises of defendant and in a very able opinion said (page 522-523):

"The difficulty confronting claimant in this appeal however is that his presence on the driveway was not 'required by the nature of his employment'. Claimant's use of the stairway in the building in going to his place of work and in leaving the building at the end of the day were required by his assignment to a bench on the third floor for the performance of his duties. . . . when claimant stepped to the cement sidewalk at the foot of the stairs, as he left the building, his employment for the day terminated. On reaching the sidewalk claimant turned south to his right, but not because of anything further required of him 'by the nature of his employment'. He headed south 'to get the el'. When he stepped on to the brick driveway the reciprocal obligations of claimant and the employer, each to the other, had been satisfied for the day. *When injured, claimant was no more than a member of the public using the sidewalk as a pedestrian*—the purpose for which this part of the street had been dedicated for public use. He might have turned to his left on leaving the building instead of to his right. His employer was not interested in the route selected by him over public streets or sidewalks on his way home after his work for the day was fully ended; there was nothing in the nature of his employment which required him to walk upon the driveway."

Claimant's injury did not occur from an accident in the course of his employment, and it is equally obvious that he was not actually engaged in the furtherance of the business or affairs of the employer. We

need not decide whether claimant was injured upon the premises which were under the control of the employer and other co-tenants (cf. *Bruder v. Philadelphia,* 302 Pa. 378, 153 A. 725) or upon which the employer's business was being carried on, because we are convinced that the claimant has not brought himself within *the additional requirement* and condition precedent of this statute, namely, that his presence on this driveway *was required by the nature of his employment.* As the Court said in *Lints v. Delaware Ribbon Manufacturers,* 173 Pa. Superior Ct. 540, 544, 98 A. 2d 643:

"It is well established that in the absence of special circumstances an accidental injury in going to work or returning is not compensable."

Judgment affirmed.

----

DISSENTING OPINION BY MR. JUSTICE MUSMANNO:

On June 17, 1952, John J. Eberle, 70 years of age, employed by the Union Dental Company on the third floor of a four-story building in Philadelphia, rose from his work bench at 5:30 p.m., descended the steps to the street on which the building abutted, turned to his right on the sidewalk, heading for the elevated railway which was to take him home, travelled 15 feet on the sidewalk to a brick driveway under the control of his employer, and at this point fell by slipping on a banana peel, sustaining serious injuries. He made claim for Workmen's Compensation, which was allowed by the Referee, affirmed by the Workmen's Compensation Board, affirmed by the Court of Common Pleas, disallowed by the Superior Court, and disallowed by the Majority of this Court.

It is admitted by the Majority that Eberle was injured on the premises of the defendant company, but

it is asserted that when he reached the foot of the stairway his employment for the day had terminated and, therefore, his accident did not occur within the course of his employment. It has frequently been stated that the Workmen's Compensation Act is to receive a liberal construction.* If the decision in this case constitutes liberality, then it must be assumed that the maximum width of this Court's liberality is 14 feet 11 inches. Eberle was only 15 feet away from the point where compensation would unquestionably have attached, had he fallen there.

It is not contested that if the unknown banana eater had dropped the skin of the banana at the foot of the stairs and it had thrown Eberle at that point, the resulting accident would have fallen within the provisions of the Workmen's Compensation Act. Thus, the liberal construction in this case covers a parabola of no greater span than the distance one can cast a banana peel.

I do not believe that the Majority's decision can be regarded as a liberal construction of the Workmen's Compensation Act. I believe, on the contrary, that it represents a very narrow construction of that Act and is in opposition to many precedents which would authorize compensation in the set of facts which obtain here.

The real legal issue in this case, since it is admitted the accident happened on the employers premises, is: May compensation be paid even though the employee has ceased his work of the day or has not yet begun it? This question was answered quite definitively in the case of *Molek v. Rainey,* 120 Pa. Superior Ct. 95, 102, with the statement: "The fact that an employee has not started or has finished his actual work is immate-

* *Grazer v. Consolidated,* 161 Pa. Superior Ct. 434, 438.

rial if at the time of the accident *he is in fact on the premises of his employer.*"*

In the case of *Ganassi v. Pittsburgh Coal Co.,* 162 Pa. Superior Ct. 289, 293, compensation was awarded where the claimant had ceased his employment and was on his way to catch a ferry boat when he was struck by a railroad car on a siding belonging to the defendant company. What legal difference is there between going to a ferry boat and going to an elevated railway in order to get home? In the *Ganassi* case the Superior Court said that the claimant "was injured in using the only means of egress from appellant's mine made available to him". In the case at bar the Majority says that Eberle could have turned to the north instead of to the south to catch the elevated. But travelling north would not have taken him to the elevated —without girding the globe. There was no reason under the sun for Eberle to have gone in the opposite direction from the one he needed to follow, in order to get home. It isn't as if there was a barrier in the sidewalk on his right, it isn't as if a visible danger presented itself in his going to the right. He did not know of the banana peel on the driveway, which, it must be repeated, lay ambushed on the *defendant's premises.* Why proceed south when one's goal is north?

In the case of *Jenkins v. Glen Alden Coal Company,* 126 Pa. Superior Ct. 326, 329, where the Superior Court awarded compensation to an employee who was injured after his day's work had terminated, the Court said: "True, his day's duties had ended, but actual work does not have the same meaning as 'course of employment.' Hours of employment are not confined to the period for which services are paid; they may extend beyond that time. *The claimant's employment did not*

---

* Italics throughout, mine, unless otherwise indicated.

*end until a reasonable opportunity had been afforded him to leave his employer's premises."*

Did Eberle have a reasonable opportunity to leave his employer's premises? One does not leave one's employment with the precision, speed, and finality of a cannon shot—especially a 70-year old man. There are floors to cross, stairs to descend, sidewalks to be traversed before one is finally on the full tide of his return home, and until that home journey is definitively in train, the employee travels under the protecting canopy of the Workmen's Compensation Act. Incontrovertibly is this true when the mishap which gives rise to the claim for compensation actually occurs on the *defendant's premises,* as is the fact here.

To deny compensation in this case is to play checkers with the Workmen's Compensation Act. If the driveway had had a few feet greater width, taking its northern border to the foot of the stairs so that Eberle would have been continuously on his employer's premises, even with the accident still happening at the same place, compensation would undoubtedly have been payable. However, since Eberle had to walk 15 feet in order to get back on the defendant's premises, once he had left them at the foot of the stairs, this Court holds that in those few steps that the employee walked, he walked out of the tent of the Workmen's Compensation Act. I don't agree.

In the case of *Grazer v. Consolidated Vultee Aircraft Co.,* 161 Pa. Superior Ct. 434, the Superior Court held that where an employee was injured on the premises of his employer, while on his way to work, the fact that his actual work duties were *one-third of a mile* away, did not affect his right to compensation. If a liberal construction of the Workmen's Compensation Act can stretch one-third of a mile when it deals with an employee on his way to work, what paralyzes its

elasticity when only 15 feet are involved and the employee. is on his way home?

Does time as well as lineal measure enter into the computation? In the case of *Wolsko v. American Bridge Company*, 158 Pa. Superior Ct. 339, 345, compensation was awarded where the employee, while on premises owned by the employer, was still a mile away from his actual place of work and was killed 15 minutes before his work was to begin. The Superior Court said: ". . . the fact that an employee has not started his actual work is immaterial if at the time of the accident he is in fact on the premises of his employer . . . He is considered to be within the course of his employment if *on the 'premises'* where he is employed a reasonable length of time before the hour fixed to commence his duties." In the case at bar Eberle could not have been more than a minute or two away from his work bench when he was injured.

It is to be noted from all the authorities cited that the touchstone of the decisions depends on whether the employee is or is not on the employer's premises at the time of the accident; not on the intervening time between the moment of the accident and the time of beginning or termination of the workday. Thus, if an employee, after leaving the factory in which he is employed, crosses a State highway and is struck on the other side of the highway, still on premises of the employer, it cannot be doubted that, under the rule that he must be afforded a reasonable opportunity to leave his employer's premises, compensation would be payable. But in this case, the Majority holds that as soon as Eberle's feet touched the sidewalk pavement, he was like one banished from Eden and could never again return to the premises of his employer, even only 15 feet away.

The Majority leans heavily on the case of *Lints v.* *Delaware Ribbons Manufacturers,* 173 Pa. Superior Ct. 540, 544, for authority to support its decision here. An examination of that case shows that while it is a stout enough pillar to hold up the principle there proclaimed, it can only be a weak and feeble reed to support the cumbersome weight the Majority places on it in this case. In the *Lints* case the claimant had attended a Christmas party given by her employer in the factory building in which she was employed. She left the party, not intending to return. Later she changed her mind and started back to the building, but got lost in a part of the plant which she had never "been around" before. She fell on property owned and under the control of Pennsylvania Ribbon Manufacturers, Inc., not the Delaware Ribbon Manufacturers, her employer. The Superior Court denied compensation, saying: "The most that can be said for claimant is that she was en route to 'work' when she opened the boiler room doors and fell into the building. *She had not as yet reached the employer's premises."*

But in the case at bar, I must repeat once more, if monotonously, that Eberle *was* on the employer's premises. In the very *Lints* case the Superior Court laid down the law, citing authorities, which should be controlling here, namely: "Where an entrance or exit is *provided* by the employer for his employes (citing cases); or where such exit or entrance is *available and intended for use* (citing case); or is *the usual means of ingress and egress* within the landlord's building, to the tenant-employer's place of business (citing case); or where the employe must traverse property of the employer or the employer's landlord or employer to reach or leave work (citing case); then such entrance or exit, whether located on property under the control of the employer or not, is a part of the employer's

'premises.' " (Italics in original Opinion). Eberle was traversing property of the employer when injured.

How the Majority can arrive at its conclusion in this case, in spite of all the authorities cited, can only be explained on the hypothesis that it has decided to make the width of its liberality, in interpreting the humane Workmen's Compensation Act, not more than 14 feet 11 inches.

Mr. Justice COHEN joins in this dissent.