Workmen's Compensation Appeal Board, By-Mar, Inc. and Travelers Insurance Company, Insurance Carrier, Appellees, *v.* Anna Hentish, Appellant.

Argued February 7, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., and MENCER, sitting as a panel of three.

*Robert Van Horn,* with him *Richard F. Stevens,* and *Butz, Hudders & Tallman,* for appellant.

*Robert A. Weinert,* with him *James N. Diefenderfer,* for appellees.

OPINION BY PRESIDENT JUDGE BOWMAN, July 29, 1975:

This is one of a number of appeals recently brought before this Court testing an employee's entitlement to workmen's compensation benefits as a result of an injury occurring after completion of a work shift and out-

side the physical confines of the building in which the employee performed his or her work assignment. Is such an injury a compensable one within the meaning of section 301(c) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, *as amended*, 77 P. S. §411?

In pertinent part, this section provides:

"(c) The terms 'injury' and 'personal injury,' as used in this act, shall be construed to mean an injury to an employe ... arising in the course of his employment and related thereto ... The term "injury arising in the course of his employment,' ... shall include all ... injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere, and shall include all injuries caused by the condition of the premises or by the operation of the employer's business or affairs thereon, sustained by the employe, who, though not so engaged, is injured upon the premises occupied by or under the control of the employer, or upon which the employer's business or affairs are being carried on, the employe's presence thereon being required by the nature of his employment."

On stipulated facts, the referee concluded, and the Board affirmed the referee's conclusion, that appellant here had not suffered her injury in the course of her employment "nor was she on the premises" of her employer at the time of the accident.

The briefly stated agreed to facts disclose that appellant fell on an ice covered public sidewalk fronting a three story building, the first floor of which was occupied by the owner of the building, and the second and third floors of which were leased to and used by appellant's employer in the conduct of its business. The accident occurred at approximately 2:00 p.m., on January 29, 1973, at a point

approximately twelve feet east of a doorway from which appellant exited the building, which doorway was the only means of ingress and egress to and from the employer's "premises." Although not disclosed by the stipulation, it is apparently assumed by all concerned that appellant suffered her injuries upon leaving the building after completion of her work shift. The only other possible significant fact discloses that appellant's employer on the day in question had caused the sidewalk to be salted earlier on that day.

On the facts and the law, this case is controlled by *Eberle v. Union Dental Co.*, 390 Pa. 112, 134 A.2d 559 (1957), in which the Supreme Court concluded that an employee injured by an accident occurring on the sidewalk in front of a building in which the employer was the third floor occupant was not in the course of his employment in that his presence on the sidewalk was not required by the nature of his employment nor on the employer's premises. *"When injured, claimant was no more than a member of the public using the sidewalk as a pedestrian. . . ."* (Emphasis in original.) 390 Pa. at 116, 134 A.2d at 561.

Unlike *Workmen's Compensation Appeal Board v. L. L. Stearns & Sons*, 20 Pa. Commonwealth Ct. 244, 341 A.2d 543 (1975), there is no evidence in this case that as a matter of fact or law the sidewalk in question was "occupied . . . or under the control of the employer," which was the critical factor leading to our conclusion in that case that claimant suffered a compensable injury.

ORDER

Now, July 29, 1975, the order of the Workmen's Compensation Appeal Board is hereby affirmed.