## Cohen v. Kutner Buick, Inc.

*Joseph S. Grossman,* for plaintiff.
*Susan McLaughlin,* for defendant.

JAMISON, *J.,* July 13, 1981—Defendant Kutner Buick has filed a petition for reconsideration after this court's order of January 12, 1981, denying its motion for summary judgment.

Plaintiff, Ruth Cohen, alleges she sustained injuries when she fell on an icy sidewalk on February 12, 1979. On that date, plaintiff was employed as a switchboard operator by defendant, Kutner Buick.

Plaintiff's fall occurred under the following circumstances: Kutner Buick occupies the front portion of a city block facing Castor Avenue in Philadelphia. St. Vincent Street on one side and Friendship Street on the other side complete the boundaries of the company's premises. A sidewalk goes around the block.

There are three entrances to Kutner Buick: one facing Castor Avenue, another on Friendship Street, and a garage entrance on St. Vincent Street. On the afternoon of the accident, plaintiff punched out at between 5:00 pm and 5:30 pm and left her employer's building by the Castor Avenue exit in the company of two co-workers.

Plaintiff intended to ride home with one of her co-workers, whose car was parked on St. Vincent Street at the intersection of St. Vincent Street and Castor Avenue. At the time, it was snowing and the sidewalk had not been shoveled or salted.

As plaintiff approached the vicinity of Kutner's St. Vincent Street garage entrance, she slipped on a poster which was lying on the sidewalk and fell. According to her testimony at deposition, she did not see the poster because it had become covered with snow. Underneath the poster, one used by Kutner in a "sweetheart" promotion, there was hardpacked old ice. The accident occurred approximately three feet away from Kutner's building.

As a result of plaintiff's fall, defendant Kutner issued a notice of compensation payable to plaintiff under the Pennsylvania Workmen's Compensation Act. Payment was rendered to plaintiff's physician, but not to plaintiff directly.

On June 11, 1979, defendant filed a petition for termination of compensation with the Pennsylvania Bureau of Occupational Injury and Disease Com-

pensation, Department of Labor and Industry, Harrisburg, Pa. Plaintiff filed an answer to this petition on June 20, 1979, in which it was indicated that the injury was not work-related and therefore the matter was not appropriate for determination by the Bureau of Workmen's Compensation. A hearing was held before Referee Carl Lorrine on June 5, 1979, at which plaintiff appeared with counsel. Plaintiff's counsel there stated that he would take no position either in agreement or objection to the introduction of evidence at the hearing, on the ground that the Bureau of Workmen's Compensation was an improper forum to litigate plaintiff's cause of action.

Plaintiff brought this suit in trespass against defendant Kutner Buick on July 3, 1979. Defendant filed a motion for summary judgment on November 5, 1980, which was denied by this court on January 12, 1981. The instant petition for reargument was then filed.

Defendant seeks summary judgment on the ground that plaintiff's injuries were sustained while she was within the course of her employment and therefore her exclusive means of recovery is under the Pennsylvania Workmen's Compensation Act, Tit. 77 Pa.C.S.A. §481(a). It is contended, accordingly, that this action in trespass is barred.

The disposition of defendant's motion for summary judgment depends upon the interpretation of the terms "injury" and "premises" as defined in the Pennsylvania Workmen's Compensation Act, Tit. 77 Pa.C.S.A. §411(1) which provides:

The terms "injury" and "personal injury" . . . shall be construed to mean an injury to an employe . . . arising in the course of his employment and related thereto . . . The term "injury arising in the course of his employment" . . . shall include all . . . injuries sustained

while the employe is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere, and shall include all injuries caused by the condition of the premises or by the operation of the employer's business or affairs thereon, sustained by the employe, who, though not so engaged, is injured upon the premises occupied by or under the control of the employer, or upon which the employer's business or affairs are being carried on, the employe's presence thereon being required by the nature of his employment.

Defendant characterizes the case law in which these provisions have been examined, as dividing accidents into those which occurred "on the premises" and those which occurred "off the premises." It contends that the sidewalk on which Mrs. Cohen was injured was "premises" and as such, it is irrelevant for the purposes of the Act that she was not acting in furtherance of her employer's interests when she was injured. It argues that the only requirements for the exclusivity provisions to apply are that plaintiff be in the location in which she was injured because of her employment and the injury be sustained as a result of a condition of the premises.

While an "on premises/off premises" distinction admittedly exists in the case law, it is but a tool for approaching the central question of whether " . . . the employe's presence thereon was required by the nature of his employment." The question here, then, is whether plaintiff's presence on the sidewalk at St. Vincent Street was in some way required by her employer when she was injured.

A number of factually similar cases have arisen which addressed the question of the appropriate remedy for an injury sustained by an employee,

usually on the way to or from work, while on a sidewalk or parking lot near his or her place of employment. The general rule that has developed is that "(r)ecovery in the sidewalk and street cases is usually limited to injuries which occur on sidewalks and roadways that are not totally public ways." Barbieri, Pennsylvania Workmen's Compensation and Occupational Disease, §4.10(a).

Recovery under the Act has been allowed where an employee was injured in a lobby adjacent to her employer's place of business and where other entrances were available, Fashion Hosiery Shops v. Workmen's Compensation Appeal Board, 55 Pa. Commw. 465, 423 A. 2d 792 (1980); where an employee was killed while crossing a public roadway which separated his employer's plant and a parking lot on which his employer required him to park because of a municipal ordinance banning on-street parking and requiring employers to provide off-street parking facilities, Epler v. North American Rockwell Corp., 482 Pa. 391, 393 A. 2d 1163 (1978); where an employee was injured on a sidewalk outside the store in which she worked and where she was required to exit by a certain door at the end of a working day, Workmen's Compensation Appeal Board v. L. L. Stearns and Sons, 20 Pa. Commw. 244, 341 A. 2d 543 (1975); where an employee was injured in a parking lot across the street from his employer's plant, which was maintained by the employer for the use and benefit of its employees, Ingersoll-Rand Co. v. Workmen's Compensation Appeal Board, 12 Pa. Commw. 502, 316 A. 2d 673 (1974); and where an employee was injured on a private road one-half mile from where he worked, which was owned by his employer, Pineda v. Oliver B. Cannon & Son, Inc., 172 Pa. Super. 625, 93 A. 2d 902 (1955).

The common thread linking these cases is that in each of them, the employee was injured in a location where he or she was required to be by his or her employer, even though nothing in furtherance of the business of the employer was being done. That this is the cutting edge for determining whether the act is applicable under circumstances similar to those resulting in plaintiff's injuries is borne out by the cases in which recovery was denied under the act.

In DelRossi v. Penna. Turnpike Commission, 210 Pa. Super. 485, 233 A. 2d 597 (1967), recovery was denied to the widow of a Turnpike Commission employee, who was killed in an accident at the end of a working day while heading away from the location to which he was assigned. The court stated that going to and from work is not considered furthering the affairs of the employer. It further found that the occurrence of the accident on the employer's property was of no assistance to decedent's widow, since property is not coextensive with "premises" under the Act, premises being limited to property of the employer used in connection with the actual place of work where the employer carries on the business in which the employee is engaged. Accordingly, it was determined that decedent was killed in a location in which his presence was not required because of his employment.

The case most analogous on its facts to the present one is Eberle v. Union Dental Co., 182 Pa. Super. 519, 128 A. 2d 136 (1957), aff'd. 390 Pa. 112, 134 A. 2d 559. In Eberle, plaintiff left his work station, which was located on the third floor of his employer's building and walked down the stairs to the street. He slipped and fell on a driveway which crossed a public sidewalk. The driveway led to a loading door in the building used by his employer.

The door was marked "Union Dental Shipping, and Receiving."

The court found that the employee was not on the business of his employer when he fell. It then noted, that "the difficulty confronting claimant in this appeal . . . is that his presence on the driveway was not required by the nature of his employment . . . when claimant stepped to the cement sidewalk at the foot of the stairs, as he left the building, his employment for the day terminated. On reaching the sidewalk, claimant turned South to his right, but not because of anything required of him by the nature of his employment. He headed south 'to get the el' . . . When injured, claimant was no more than a member of the public using the sidewalk as a pedestrian—the purpose for which this part of the street had been dedicated for public use. He might have turned to his left on leaving the building instead of to his right. His employer was not interested in the route selected by him over public streets or sidewalks on his way home after his work for the day ended; there was nothing in the nature of his employment which required him to walk upon the driveway." (390 Pa. at 116, 134 A. 2d at 560).

Similarly, the record shows that plaintiff could have turned to the right instead of the left when she departed from work on the day of her injury; indeed, were it not that a co-worker was giving her a ride, she might have had no occasion to traverse the sidewalk on St. Vincent Street. Nothing in the record indicates that Kutner Buick required its employees to leave for the day by a certain exit, as was the case in Stearns.

Further, plaintiff testified on deposition that her employer did not provide parking for its employees, nor did it instruct them to park in a certain area, the

decisive factors in Epler v. North American Rockwell and Ingersoll-Rand v. Workmen's Compensation Board, (supra.)

It thus appears that when plaintiff sustained her injuries, she was not acting within the course of her employment and she was not on the sidewalk because the nature of her employment required her presence there. The record before this court establishes that the exclusivity provision of the Pennsylvania Workmen's Compensation Act does not apply.

Accordingly, this court's order denying defendant's motion for summary judgment is confirmed.

### ORDER

And now, July 13, 1981, upon defendant's petition for reconsideration and after oral argument, this court's order of January 12, 1981, denying defendant's motion for summary judgment, is confirmed.