Michael J. Wolfe, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, Globe Security Systems and National Union Fire Insurance Company, Respondents.

Argued February 3, 1982, before Judges MENCER, ROGERS and WILLIAMS, JR., sitting as a panel of three.

*Thomas W. Murphy,* with him *Joseph J. Murphy* and *Robert J. Murphy,* for petitioner.

*Peter J. Weber,* of counsel, *Rawle & Henderson,* for respondent, Globe Security Systems.

OPINION BY JUDGE ROGERS, March 2, 1982:

This is the appeal of Michael J. Wolfe from an order of the Workmen's Compensation Appeal Board affirming a referee's denial of his claim for benefits.

At two hearings conducted by a referee Mr. Wolfe testified that he is a recipient of social security and is employed on a somewhat irregular schedule by Globe Security as a guard at the Budd Company plant located on Hunting Park Avenue in Philadelphia, Pennsylvania. Early in the morning of April 20, 1979, Mr. Wolfe received a telephone call from his superior at Globe Security and was told to report that morning at the Budd plant in order to perform guard duties. As was his custom, Mr. Wolfe then donned his security guard uniform and proceeded to work by means of a public bus. He disembarked from the bus at the intersection of Stokely Street and Hunting Park Avenue at 7:30 a.m. and purchased a newspaper from a coin-operated dispenser. As he began to cross Hunting Park Avenue he was struck by a bicyclist and caused to fall backwards landing on his lunch pail. He thereby sustained the injuries for which he here seeks compensation. At the moment of his injury, the claimant's destination was the guard headquarters located approximately one-half block from that point on the far side of Hunting Park Avenue where he would have been had he crossed the highway without incident. The claimant intended to report to work at the guard headquarters, sign in, and then receive his assignment of duties for the day.

On the basis of this testimony the referee, affirmed by the Board, made the following findings of fact:

1. That the Claimant is receiving social security benefits and in addition works staggered hours for the Defendant, Globe Security.

2. That the Claimant receives telephone calls at home from his supervisor, one Leiutenant [sic] Stutz, inquiring as to Claimant's availability to work as a security guard at the Budd Plant on certain days on a certain shift.

3. That when the Claimant indicates his availability for said work, he reports to the Guard Headquarters located on the Budd Company premises; Claimant, after signing in for work, receives his work assignment for the day.

4. On the date in question, April 20, 1979, the Claimant, as was his usual custom, boarded a SEPTA bus, wearing his uniform and carrying his lunch pail.

5. At the corner of Stokley Street and Hunting Park Avenue, Claimant got off the Route R bus at approximately 7:30 a.m., he then purchased a newspaper at the corner and as he proceeded to cross Hunting Park Avenue, a public street, Claimant was struck by an individual on a bicycle, knocking Claimant to the ground and causing the injuries alleged in the petition.

6. Claimant was not required to wear his uniform when reporting for work.

7. That the Claimant had not reached the premises owned and/or controlled by the Budd Company, nor had Claimant signed in for work that morning.

8. Claimant was struck by the individual on the bicycle while Claimant was on his way to work.

The referee and the Board concluded that the claimant's injuries are not compensable because they were received while the claimant was on his way to work before he had entered upon the premises of his employer and before he had begun to perform his duties. We affirm.

Section 301(c) of the Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §411(1) provides in pertinent part:

The terms 'injury' and 'personal injury' as used in this act ... shall include all other injuries sus-

tained while the employe is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere, and shall include all injuries caused by the condition of the premises or by the operation of the employer's business or affairs thereon, sustained by the employe, who, though not so engaged, is injured upon the premises occupied by or under the control of the employer, or upon which the employer's business or affairs are being carried on, the employe's presence thereon being required by the nature of his employment.

In interpreting this provision the appellate courts of this Commonwealth have consistently held that absent special circumstances not here appearing, injuries received by an employee travelling to or from his place of employment are not compensable. *Eberle v. Union Dental Company*, 390 Pa. 112, 134 A.2d 559 (1957); *Houlehan v. Pullman Company*, 280 Pa. 402, 124 A. 640 (1924); *Del Rossi v. Pennsylvania Turnpike Commission*, 210 Pa. Superior Ct. 485, 233 A.2d 597 (1967); *Giallonardo v. St. Joseph's College*, 177 Pa. Superior Ct. 87, 111 A.2d 178 (1955); *Davis v. Workmen's Compensation Appeal Board*, 41 Pa. Commonwealth Ct. 262, 398 A.2d 1105 (1979); *Schofield v. Workmen's Compensation Appeal Board*, 39 Pa. Commonwealth Ct. 282, 395 A.2d 328 (1978); *Workmen's Compensation Appeal Board v. Hickory Farms*, 28 Pa. Commonwealth Ct. 30, 367 A.2d 730 (1976); *Workmen's Compensation v. Hentish*, 20 Pa. Commonwealth Ct. 514, 341 A.2d 926 (1975). This interpretation is grounded on the recognition that in the usual case an employe travelling to or from work is neither on the premises of his employer, nor engaged in the furtherance of his employer's affairs.

The claimant argues that the instant case is controlled by *Epler v. North American Rockwell Corporation*, 482 Pa. 391, 393 A.2d 1163 (1978). However, the determinative circumstance in *Epler* was that the deceased employee was, at the moment he recieved his fatal injuries, on his way to a parking lot controlled by the employer where he was required by the employer to park his automobile. The Supreme Court reasoned that the facts in *Epler* were not materially different from those in *Strunk v. E. D. Huffman and Sons*, 144 Pa. Superior Ct. 429, 19 A.2d 539 (1941), on which the claimant herein also relies, and in which injuries sustained while crossing a public thoroughfare were held compensable. In *Strunk* the employer owned several business establishments on both sides of the highway and the claimant's duties required him to cross frequently from one of the employer's properties to another. While engaged in those duties, the claimant was fatally injured. In affirming an award of benefits, the Superior Court reasoned:

> When [the claimant] was crossing the highway, which separated his employer's property, he was proceeding from one part of his working premises to another in performance of his duties as prescribed by his employer. Therefore when he was accidentally killed on the highway he was actually engaged in his master's business, and claimant became entitled to the benefits provided by the Workmen's Compensation Act.

*Id.* at 433-434, 19 A.2d at 541.

It is clear that in the instant case the claimant had not yet arrived at his place of employment or received his daily assignment and therefore was not, as was the claimant in *Strunk*, engaged in the furtherance of his employer's business when injured. Neither was the claimant enroute to or from a parking lot where his

employer required him to park his automobile as was the claimant in *Epler*. Also inapposite are those cases in which compensation has been allowed for injuries sustained by work bound workers on the employer's doorstep since Mr. Wolfe was, at the time of his injury, across the highway and a considerable additional distance from the guard headquarters where he was required to report before commencing his duties. *See, e.g., Hesselman v. Somerset Community Hospital*, 203 Pa. Superior Ct. 313, 201 A.2d 302 (1964); *Lints v. Delaware Ribbon Manufacturers, Inc.*, 173 Pa. Superior Ct. 540, 98 A.2d 643 (1953); *Fashion Hosiery Shops v. Workmen's Compensation Appeal Board*, 55 Pa. Commonwealth Ct. 465, 423 A.2d 792 (1980). Finally, the result is not altered by the fact that Mr. Wolfe chose to change into his uniform at home. *See Houlehan v. Pullman Company*, 280 Pa. 402, 405, 124 A. 640, 641 (1924).

In conclusion, equally applicable here is the Supreme Court's description of the facts supporting a denial of benefits in *Eberle v. Union Dental Company*, 390 Pa. 112, 116, 134 A.2d 559, 560 (1957): "*When injured, claimant was no more than a member of the public using the sidewalk as a pedestrian* — the purpose for which this part of the street had been dedicated for public use" (emphasis in the original).

Order affirmed.

## ORDER

AND Now, this 2nd day of March, 1982, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.