476 A.2d 900

Alice M. BROWN, Appellee

v.

WORKMEN'S COMPENSATION APPEAL BOARD, (TRANSWORLD AIRLINES).

Appeal of TRANSWORLD AIRLINES.

Supreme Court of Pennsylvania.

Argued March 7, 1984.

Decided May 25, 1984.

36

---

Michael Relich, Joseph F. Grochmal, Michael D. Sherman, Fried, Kane, Walter & Zuschlag, Pittsburgh, for appellant.

Edward G. Shoemaker, Joan Shoemaker, Adams, Hillen & Shoemaker, Pittsburgh, for Alice M. Brown.

Thomas Magrann, Secretary, Workmen's Compensation Appeal, Harrisburg, for Workmen's Compensation Appeal Bd.

Before NIX, C.J., and LARSEN, FLAHERTY, McDER-
MOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION OF THE COURT

HUTCHINSON, Justice.

This Court granted appellant Transworld Airlines' peti-
tion for allowance of appeal to resolve a mixed question of
law and fact, viz. whether an injury occurring to an employ-
ee in the first floor lobby of a multi-purpose complex, the
only appropriate building exit at the time her duties ended,
is an injury occurring on the employer's premises, as that
term is defined in Section 301(c) of the Workmen's Compen-
sation Law, Act of June 2, 1915, P.L. 736, § 301(c), *as
amended*, 77 P.S. § 411(1) (Supp.1983–84). The Workmen's
Compensation Referee and the Appeal Board both found
that appellee Alice M. Brown's injuries had occurred in an
area where she was not required to be by reason of her
employment and, therefore, the public area of the Chatham
Center lobby could not be held to be included in her employ-
er's premises. Commonwealth Court, 71 Pa. Common-
wealth Ct. 220, 454 A.2d 1163, reversed, holding that since
the means of appellee's egress was a reasonable and neces-
sary one, the injury occurred on the "premises" of the
employer, as that term is used in Section 301(c)(1) of the
Act, 77 P.S. § 411(1) (Supp.1983–84), and appellee's injuries
are therefore compensable. For the reasons which follow,
we now affirm the judgment of Commonwealth Court.

At the time of her injury appellee was employed as a
reservationist by appellant. She was working the three
p.m. till midnight shift in appellant's leased offices on the
third floor of Chatham Center in downtown Pittsburgh.
Chatham Center is a multi-purpose commercial building
housing offices, apartments, a hotel, restaurant, snack shop
and a parking facility.

On December 18, 1978, appellee left her employer's of-
fices shortly after midnight and took the elevator to the
first floor lobby. On reaching the first floor she proceeded

to cross the lobby headed for the Fifth Avenue exit, which was the only pedestrian way out of the building at that time of night. In doing so, she slipped on the freshly waxed floor and received injuries from which she continues to suffer pain. As a result of her injuries from this fall, she filed a claim for disability compensation with the Pennsylvania Bureau of Workmen's Compensation on May 14, 1979.

■ Although there was no evidence suggesting that appellee had any appropriate alternative means of egress available to her,[1] the Referee and the Workmen's Compensation Appeal Board both held that the area of the fall "was not in the ingress and egress area.... It was not used as a part of [appellee's] business operations.... It was not an area where claimant was required to be because of her employment." R.R. 27a. When the fact finder's decision is against the party having the burden of proof, the scope of appellate review is severely limited, partly in deference to the agency's expertise in a specialized field. It is, nonetheless, necessary that the decision be in accordance with the law. *Jasper v. Workmen's Compensation Appeal Board,* 498 Pa. 263, 445 A.2d 1212 (1982). In this case, however, uncontradicted and apparently incontrovertible [2] testimony establishes that appellee's route from the elevator to the building exit was the only available pedestrian route. Thus, the Referee appears to have capriciously disregarded [3] oth-

1. At the hour that claimant's shift ended, this exit was the only exit available to her as a pedestrian.

2. We note that that referee made no finding that he was inclined to disbelieve this evidence or otherwise based his conclusion on credibility. Thus, it seems apparent that his findings were based on a misapprehension of law, perhaps derived from a misreading of *Eberle v. Union Dental Company,* 390 Pa. 112, 134 A.2d 559 (1957), discussed *infra* at 40–41.

3. *See Barrett v. Otis Elevator Co.,* 431 Pa. 446, 246 A.2d 668 (1968); *Lowery v. Pittsburgh Coal Co.,* 427 Pa. 576, 235 A.2d 805 (1967), *later appeal Lowery v. Pittsburgh Coal Co.,* 216 Pa.Superior Ct. 362, 268 A.2d 212 (1970); *Beth-Allen & Co. v. W.C.A.B.,* 53 Pa. Commonwealth Ct. 323, 417 A.2d 854 (1980); *A.P. Green Refract. Co. v. W.C.A.B.,* 44 Pa. Commonwealth Ct. 1, 403 A.2d 172 (1979); *Ney v. Workmen's Comp. Appeal Board,* 15 Pa. Commonwealth Ct. 381, 327 A.2d 402 (1974);

erwise trustworthy evidence in finding the lobby was not in the ingress and egress area. Thereafter, in inferring that such an area was not one in which claimant's employment required her to be, the compensation authorities failed to conform to the current standard of case and statutory law. Section 301(c) provides in pertinent part:

(1) The terms *"injury"* and *"personal injury,"* as used in this act, shall be construed to mean an injury to an employe, regardless of his previous physical condition, arising in the course of his employment and related thereto, and such disease or infection as naturally results from the injury or is aggravated, reactivated or accelerated by the injury; .... The term "injury arising in the course of his employment," as used in this article, shall not include an injury caused by an act of a third person intended to injure the employe because of reasons personal to him, and not directed against him as an employe or because of his employment; but *shall include all other injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere, and shall not include all injuries caused by the condition of the premises* or by the operation of the employer's business or affairs thereon, *sustained by the employe, who, though not so engaged, is injured upon the premises occupied by or under the control of the employer, or upon which the employer's business or affairs are being carried on, the employe's presence thereon being required by the nature of his employment.*

77 P.S. § 411(1) (Supp.1983–84) (emphasis added). Our cases have for many years defined the employer's premises to include public or common areas used in the conduct of the employer's affairs, so long as the employe's presence thereon was required by the nature of his employment. *Meucci v. Gallatin Coal Co.,* 279 Pa. 184, 123 A. 766 (1924)

*Universal Cyclops v. Krawcznski,* 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973).

("employer's premises" may include a public road, used for the employer's business, on which employee's presence is required). *See also Black v. Herman,* 297 Pa. 230, 146 A. 550 (1929) (where an employer leases premises on which he conducts his business and the lease includes stairs and platform necessary to provide ingress and egress, an injury sustained by an employee in entering those premises is in the course of his employment). Our other appellate courts have in the intervening years, also, consistently sustained this view. *Dougherty v. Bernstein & Son,* 160 Pa.Superior Ct. 587, 52 A.2d 370 (1947); *Interstate United Corp. v. WCAB,* 56 Pa. Commonwealth Ct. 385, 424 A.2d 1015 (1981); *Fashion Hosiery Shops v. WCAB,* 55 Pa. Commonwealth Ct. 465, 423 A.2d 792 (1980).

Recently, in *Epler v. North American Rockwell Corporation,* 482 Pa. 391, 393 A.2d 1163 (1978), Mr. Justice Nix, now Chief Justice, in writing for the majority, restated these principles: [4]

> [T]he critical factor is not the employer's title to or control over the area, but rather the fact that he had caused the area to be used by his employees in performance of their assigned tasks. The basis for the compensation is that the employee was in the area where the injury was sustained directly because of his employment. Since the Workmen's Compensation Act, supra, is not premised upon the wrongdoing or negligence of the employer, but rather is bottomed upon the employment relationship, there is no necessity to require a finding of ownership or control. It is sufficient if the employee is required to be in the area because of the employment.

*Id.,* 482 Pa. at 399, 393 A.2d at 1167 (footnote omitted).

Appellants have argued that our decision in *Eberle v. Union Dental Company,* 390 Pa. 112, 134 A.2d 559 (1957), precludes a finding that the common areas in Chatham Center are to be included within the employer's premises in

---

**4.** Justice Pomeroy based his concurrence in *Epler* on an exception to the "premises rule" which recognizes that an injury occurring to an employee is in the course of employment because it is on a necessary route between two portions of an employer's premises.

this case. We disagree and find the reasoning in *Eberle* not incompatible with *Epler, supra,* our other cases, or our result in this instance. In *Eberle,* an employee of Union Dental Company left his work station on the third floor at the end of his day, "walked down to the street, ... out of the building and walked south on the public sidewalk ... to go to his home." He slipped and fell on a driveway which crossed the public sidewalk. This Court held:

Claimant's injury did not occur from an accident in the course of his employment, and it is equally obvious that he was not actually engaged in the furtherance of the business or affairs of the employer. We need not decide whether claimant was injured upon the premises which were under the control of the employer and other co-tenants (cf. *Bruder v. Philadelphia,* 302 Pa. 378, 153 A. 725) or upon which the employer's business was being carried on, because we are convinced that the claimant has not brought himself within *the additional requirement* and condition precedent of this statute, namely, that his presence on this driveway *was required by the nature of his employment.* As the Court said in *Lints v. Delaware Ribbon Manufacturers,* 173 Pa.Superior Ct. 540, 544, 98 A.2d 643:

"It is well established that in the absence of special circumstances an accidental injury in going to work or returning is not compensable."

*Id.,* 390 Pa. at 116–117, 134 A.2d at 561 (emphasis in original). *See also Workmen's Compensation Appeal Board v. Hentish,* 20 Pa. Commonwealth Ct. 514, 341 A.2d 926 (1975). In reaching this conclusion, this Court relied on and quoted the Superior Court opinion: [5]

*When injured, claimant was no more than a member of the public using the sidewalk as a pedestrian* —the purpose for which this part of the street had been dedicated for public use. He might have turned to his left on leaving the building instead of to his right. His employer

5. *Eberle v. Union Dental Company,* 182 Pa.Superior Ct. 519, 523, 128 A.2d 136, 139 (1956).

was not interested in the route selected by him over public streets or sidewalks on his way home after his work for the day was fully ended; there was nothing in the nature of his employment which required him to walk upon the driveway.

*Id.*, 390 Pa. at 116, 134 A.2d at 561 (emphasis in original).

█ The distinction made in *Eberle* is equally applicable in this case. Appellant's departure from her place of employment after midnight on December 18, 1978 required her to take the only available route out of the building. She was injured in the course of that departure. Appellee's work schedule in Chatham Center necessitated her leaving the building on a fixed route, which must have been known to her employer, at a time when cleaning operations were normally conducted in the common areas. The risk of an injury in traversing such an area could have been foreseen by appellee and by her employer. Appellee, however, had no optional exit which would have avoided these risks. She was, thus, clearly required to be in this area because of her employment.

Order of Commonwealth Court affirmed.