601 A.2d 476

**THOMAS JEFFERSON UNIVERSITY HOSPITAL, Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (CATTALO), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 9, 1991.

Decided Dec. 30, 1991.

Stephen T. Potako, for petitioner.

Michael V. Tinari, for respondent.

Before DOYLE and PELLEGRINI, JJ., and NARICK, Senior Judge.

DOYLE, Judge.

Thomas Jefferson University Hospital (Employer) appeals from an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision awarding benefits to Joan Cattalo (Claimant).

On April 28, 1988, Claimant was employed as a Patient Account Representative by Employer when she fell down several stairs and severely injured/aggravated her neck and lower back. Claimant filed a workmen's compensation petition and was awarded benefits. In his decision, the referee made the following pertinent findings of fact:

2. Claimant's job required her to work in an office at 211 South 11th Street in the "Martin Building". The Claimant was required to sign in and out everyday, and she normally worked from 8:30 a.m. to 12:30 p.m. five days a week with some overtime.

3. The Referee finds that the Claimant generally drove her personal car in order to get to work.

4. The Referee finds that the Claimant traditionally bought parking tokens in a separate building (known as the New Hospital Building) that was owned and operated by the Defendant and which was one-half block from her work-site at the Martin Building.

5. The Referee finds that employees who parked in the New Hospital Building could not walk to their work-site at the Martin Building except by walking along a public street that led from the New Hospital Building to the Martin Building.

6. On April 28, 1988, while the Claimant was walking down a flight of stairs of the New Hospital Building to purchase parking tokens, she fell down several stairs and severely injured/aggravated her neck and lower back. The accident occurred at approximately 8:15 a.m., and the Claimant had not yet signed in at her work-site at the Martin Building.

The referee then concluded that:

The Claimant has met her Burden of Proof that the Claimant has suffered a compensable injury within the meaning of the Pennsylvania Workmen's Compensation Act [Act] [1] since the Claimant sustained bodily injuries as a result of working within the scope of her employment.... [T]his Referee concludes that the Claimant's injury was caused by a condition (i.e. stairs leading to the location where the Claimant purchased tokens) on the employer's premises and the Claimant was in fact within the scope of her employment not in a voluntary capacity like the Claimant in Dana Corporation v. WCAB.[2]

Employer appealed to the Board which affirmed the referee's decision that Claimant was within the scope of her employment at the time of her injury and also affirmed the award of compensation. The Board amended the decision to reflect a correct average weekly wage and to provide for

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1031.

2. *Dana Corp. v. Workmen's Compensation Appeal Board (Gearhart),* 120 Pa.Commonwealth Ct. 277, 548 A.2d 669 (1988), *petition for allowance of appeal denied,* 522 Pa. 606, 562 A.2d 828 (1989).

the payment of three specified medical bills. Appeal to this Court followed.

■ The central issue on appeal is whether Claimant was acting within the course and scope of her employment at the time of her injury. Whether an employee is within the course of his or her employment when an injury occurs is a question of law to be determined on the basis of the findings of fact. *Newhouse v. Workmen's Compensation Appeal Board (Harris Cleaning Service, Inc.)*, 109 Pa.Commonwealth Ct. 96, 530 A.2d 545 (1987), *petition for allowance of appeal denied*, 517 Pa. 627, 538 A.2d 879 (1988).

Section 301(c)(1) of the Act, 77 P.S. § 411(1), states in pertinent part:

> The term "injury arising in the course of his employment," as used in this article, ... shall include all ... injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer, whether on the employer's premises or elsewhere, and shall include all injuries caused by the condition of the premises ... sustained by the employe, who, though not so engaged, is injured upon the premises occupied by or under the control of the employer, ... the employe's presence thereon being required by the nature of his employment.

■ An employee not engaged in the furtherance of the business or affairs of the employer must satisfy three conditions under the Act in order for her injury to be in the course of employment. *Dana Corp.* The Act requires that (1) the injury have occurred on the employer's premises, (2) the employee's presence thereon was required by the nature of his employment, and (3) the injury was caused by the condition of the premises or by the operation of the employer's business thereon. *Id.* Employer here argues that Claimant does not satisfy the second and third conditions of

the Act.[3]

■ We first consider whether Claimant's presence was required by the nature of her employment. Employer contends that Claimant was injured while doing a personal errand and this injury occurred on a portion of Employer's premises where she was not required to be in order to do her work.

Claimant testified before the referee that she was in the New Hospital Building in order to purchase parking tokens.[4] Claimant further testified that these tokens were sold in an office in the back of the cafeteria in the New Hospital Building by people she assumed to be Employer's employees. Claimant also testified that she was required to purchase these tokens on her own time.

By selling these parking tokens, Employer offered a benefit to its employees. In order to avail themselves of this benefit, however, the employees were required to go to the location selected by Employer on Employer's property and at the time chosen by Employer. It thus followed, a fortiori, that Claimant's presence at the location in issue was required within the meaning of Section 301(c)(1).

We find distinguishable cases cited by Employer where the employees were found to be ineligible for compensation because their presence at the place of injury was not required by the nature of their employment. In *Giebel v. Workmen's Compensation Appeal Board*, 41 Pa.Commonwealth Ct. 333, 399 A.2d 152 (1979), the claimant was injured when she slipped and fell while shopping in her employer's store during her lunch hour. In *Heverly v. Workmen's Compensation Appeal Board (Ship N Shore)*, 134 Pa.Commonwealth Ct. 110, 578 A.2d 575 (1990), the claimant was injured when, after completing her work day and returning home, she went back to her place of employment to retrieve her glasses. In neither of these cases,

3. Employer does not contest that Claimant was on its premises at the time of the injury.

4. In its brief, Employer stated that the parking tokens allowed its employees to park in a neighborhood lot at a discounted rate.

unlike the case at bar, is there an inference discernable from the facts of the case that the employers encouraged the claimants' presence at the location at the time of their injury much less an indication that as here, the employee was taking advantage of a specific employer-offered benefit.

■ Employer further argues that there is no evidence to allow a conclusion that Claimant's injury was caused by a condition of the premises or by an operation of Employer's business. Employer contends that the mere existence of the premises without more does not constitute a "condition of the premises" that causes an injury.

In *Workmen's Compensation Appeal Board v. United States Steel Corp.*, 31 Pa.Commonwealth Ct. 329, 376 A.2d 271 (1977), an employee had an epileptic seizure while driving his car in the employer's parking lot prior to the start of his work shift. As a result of the seizure, the employee lost control of his car and struck a concrete abutment on the employer's property, causing fatal injuries. The concrete abutment was a condition of the premises which contributed to the employee's death. The Court firmly rejected the argument that a worker must show that his injuries were the result of a faulty condition or some negligent operation in order to receive compensation for injuries sustained while on the employer's premises. The Court further stated: "Except for some of the parking lot cases where the presence of ice or snow is noted without comment, the premises cases rarely mention the condition of the employer's premises and when they do it is not in critical terms." *Id.*, 31 Pa.Commonwealth Ct. at 336, 376 A.2d at 275.

The referee concluded that Claimant was injured when she fell down several stairs leading to the location where she purchased tokens on Employer's premises and that the stairs constituted a condition of the premises. We find no error in this conclusion. *See Good Shepherd Workshop v. Workmen's Compensation Appeal Board (Caffrey)*, 124 Pa.Commonwealth Ct. 262, 555 A.2d 1374 (1989) (injury suffered by employee when she fell and struck her head on

the floor next to her work station was work-related within the meaning of Section 301(c)(1) of the Act.)

 Employer also argues that Claimant's injury did not occur during working hours. An employee is considered to be within the course of his employment if on the "premises" where he is employed a reasonable length of time before the hour fixed to commence his duties. *Fetzer v. Michrina*, 8 Pa.Commonwealth Ct. 273, 301 A.2d 924 (1973) (quoting *Wolsko v. American Bridge Co.*, 158 Pa.Superior Ct. 339, 345, 44 A.2d 873, 875–76 (1945)). *See Fashion Hosiery Shops v. Workmen's Compensation Appeal Board*, 55 Pa.Commonwealth Ct. 465, 423 A.2d 792 (1980) (injury that occurred between 15 and 30 minutes prior to the time a claimant was to begin work bore a reasonable relationship to the time claimant was to begin work and, therefore, was compensable). We conclude, therefore, that, in the case at bar, fifteen minutes before the start of Claimant's scheduled work shift is a reasonable time before the work period.

 Next, Employer argues that the referee erred in finding that employees of the hospital parked in the New Hospital Building. We agree that there is no support in the record for this finding and that the referee erred in so finding. This error is, however, harmless as this finding was not essential to the referee's determination that Claimant had suffered a compensable injury under Section 301(c)(1) of the Act. *See John Curry, Inc. v. Workmen's Compensation Appeal Board (Adams)*, 97 Pa.Commonwealth Ct. 127, 508 A.2d 1317 (1986).

 Employer further argues that the Board also erred in concluding that Claimant was injured in a place where she was required to be to buy parking tokens in order to park in *Employer's* parking lot. The Board's reference to the "employer's" parking lot is also harmless. Claimant was injured on the premises of Employer while complying with a procedure established by Employer to purchase tokens which would permit her to park in the lot. We have

held earlier in this opinion, that Claimant's presence at this location was required within the meaning of Section 310(c)(1). The ownership of the lot is, therefore, irrelevant.

Based on the above discussion, we affirm the order of the Workmen's Compensation Appeal Board.

### .ORDER

NOW, December 30, 1991, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.