661 A.2d 13

**Peggy Ann GERTZ, Appellee,**

v.

**TEMPLE UNIVERSITY—OF The COMMONWEALTH SYSTEM OF HIGHER EDUCATION, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 26, 1995.

Filed June 27, 1995.

178

Joe H. Tucker, Philadelphia, for appellant.

Daniel J. Gever, Huntingdon Valley, for appellee.

Before WIEAND, OLSZEWSKI and HOFFMAN, JJ.

OLSZEWSKI, Judge:

Appellee Peggy Ann Gertz was employed by appellant Temple University at the university hospital. Temple Hospital is located in Philadelphia on Broad and Ontario Streets. Broad Street is the western boundary and Germantown Avenue is the eastern boundary of the hospital. Another street, Watts Street, is in the middle of, and parallel to, Broad and Germantown. Watts Street is bounded by Tioga Street to the south and Venango Street to the north. Temple Hospital is just south of Watts Street and adjacent to Tioga Street.

On June 9, 1992, Gertz finished work at 5:00 p.m., exited the Tioga Street hospital exit, crossed Tioga Street, and proceeded north up Watts Street. Gertz was going to the Fischer's Restaurant parking lot, one-half block north on Watts Street, where she had parked her car. While this lot was not a

hospital-owned parking lot, a number of hospital employees paid to park there.

Within minutes of leaving the building, Gertz tripped and fell on a pole protruding from the sidewalk. She suffered a partially dislocated jaw and a cut chin as a result of her fall. As the sidewalk was owned by Temple, Gertz brought the present tort action alleging that a condition on Temple's property caused her injuries.

This case initially went to arbitration, where a panel found in Gertz's favor. When Temple appealed that determination, a trial date was set in the Court of Common Pleas. Following a one-day bench trial on February 18, 1994, the Honorable Berel Caesar entered a verdict for $10,000 in Gertz's favor.

On March 10, 1994, Temple filed an appeal to this Court without first filing post-trial motions. While we quashed the untimely appeal, Judge Caesar entered an order on April 5, 1994 allowing Temple to file post-trial motions *nunc pro tunc.* Gertz filed a motion to reconsider the April 5 order. Judge Caesar denied the motion to reconsider, but granted counsel fees to Gertz in the amount of $1,000. After post-trial motions were filed and denied, Temple filed the instant timely appeal to this Court.

Initially, Gertz challenges the trial court's decision to allow Temple to file post-trial motions *nunc pro tunc.* A trial court has broad discretion to entertain an untimely procedural motion. *Wittig v. Carlacci,* 370 Pa.Super. 584, 586, 537 A.2d 29, 30 (1988). In this case, Gertz did not initially object to Temple's motion, and her only statement of prejudice is a bald allegation that "prejudice to Appellee appear[s] plainly of record." Brief for appellee at 13. In such a case, we will not find that the trial court committed an abuse of discretion in allowing Temple to file post-trial motions. *See Wittig,* 370 Pa.Super. at 586, 537 A.2d at 30.[1]

1. While Gertz correctly points out that the trial court did not have jurisdiction over the case at the time that it granted Temple's motion, due to a pending appeal in this Court, it did have jurisdiction by the time that it actually considered the merits of the post-trial motions because the untimely appeal had been quashed. Given that the trial

Regarding the merits, Temple asserts that Gertz may not properly maintain this tort action because she is limited to the remedies provided in the Worker's Compensation Act. We disagree, and affirm the order of the trial court.

In 1915, the Worker's Compensation Act (the Act) was established to provide a remedy for work-related injuries. 77 P.S. § 1 *et seq.* The Act sought to balance the rights of employees and employers. Employees were granted the right to compensation for all work-related injuries without the need to establish fault. In exchange, employees forfeited the right to sue their employers in tort for these injuries. Employers accepted the liability-without-fault concept in exchange for protection from potentially larger tort verdicts. *See generally Snyder v. Pocono Medical Center*, 440 Pa.Super. 606, 610, 656 A.2d 534, 536 (1995) (discussing compromises inherent in the Act).

A key provision in maintaining this delicate balance between the respective parties' rights is the exclusivity provision of the Act. 77 P.S. § 481(a). This provision mandates that "[w]here an employee's injury is compensable under the Act, the compensation provided by the statute is the employee's exclusive remedy." *Snyder*, 440 Pa.Super. at 611, 656 A.2d at 536. Thus, an injured employee cannot maintain a tort action against his or her employer if the injury is compensable under the provisions of the Act.

In order to be compensable under the Act, an injury must arise in the course of employment and be related thereto. 77 P.S. § 411. The phrase "injury arising in the course of employment" is defined by the Act as follows:

> [A]ll other injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere, and ... all injuries caused by the condition of the

court had proper jurisdiction when it considered the merits of the post-trial motions, we will not dismiss the instant appeal on procedural grounds. *See* Pa.R.C.P. 126 (stating that the rules should be liberally construed to secure justice, and that procedural errors may be over-looked where the substantive rights of the parties are not affected).

premises or by the operation of the employer's business or affairs thereon, sustained by the employe, who, though not so engaged, is injured upon the premises occupied by or under the control of the employer, or upon which the employer's business or affairs are being carried on, the employe's presence thereon being required by the nature of his employment.

77 P.S. § 411(1).

In this case, Judge Caesar found that Gertz's injury was not an injury arising in the course of employment under either of the two clauses in the statutory definition: Gertz was not actually furthering Temple's affairs, nor was she injured by a condition on a portion of Temple's premises where her presence was required. On appeal, Temple challenges only the latter finding.

█ Pursuant to the second clause of the statutory definition, a compensable injury occurs when an employee: 1) is on the employer's premises; 2) is required to be present on the premises by the nature of his or her employment; and 3) sustains an injury caused by a condition on the premises. 77 P.S. § 411(1); *see also Harris v. W.C.A.B. (Willowcrest–Bamberger)*, 90 Pa.Commw. 483, 486–88, 496 A.2d 87, 89 (1985) (citing *Workmen's Compensation Appeal Board v. United States Steel Corp.*, 31 Pa.Commw. 329, 376 A.2d 271 (1977)). As Gertz was clearly injured by a condition on the sidewalk, we need only consider whether the sidewalk was a part of Temple's premises and whether Gertz was required to be on that sidewalk by the nature of her employment.

█ Even assuming, *arguendo*, that this sidewalk is part of Temple's premises, we find that Gertz's presence on it was not required by the nature of her employment. In *Eberle v. Union Dental Company*, an employee had just finished work, exited the building, and proceeded down the street to catch a train. 390 Pa. 112, 113–14, 134 A.2d 559, 559–60 (1957). Upon crossing a driveway that interrupted the sidewalk, the employee slipped and injured himself. *Id.* While not addressing whether the driveway was part of the employer's premises,

our Supreme Court held that the employee's presence was not required by the nature of his employment. *Id.* at 116–18, 134 A.2d at 561. The *Eberle* Court noted:

> [W]hen claimant stepped to the cement sidewalk at the foot of the stairs, as he left the building, his employment for the day terminated. On reaching the sidewalk claimant turned south to his right, but not because of anything further required of him 'by the nature of his employment'.... When he stepped on to the brick driveway the reciprocal obligations of claimant and the employer, each to the other, had been satisfied for the day. **When injured, claimant was no more than a member of the public using the sidewalk as a pedestrian** ... there was nothing in the nature of his employment which required him to walk upon the driveway.

*Id.* (quoting *Eberle v. Union Dental Company,* 182 Pa.Super. 519, 522–23, 128 A.2d 136, 139 (1956)) (emphasis in original). As the employee had failed to establish that his presence on the driveway was required by the nature of his employment, his injury was outside the scope of the Act.

Similarly, Temple has failed to establish that Gertz's presence on the sidewalk where she was injured was required by the nature of her employment. Gertz had finished work for the day, exited from one of the many available hospital exits, and proceeded down Watts Street to retrieve her car. As with the employee in *Eberle,* Gertz left work and proceeded in a direction wholly of her own choosing. She was not guided by anything related to her employment, and therefore was simply another member of the general pedestrian public.

▮ This situation is distinguishable from one where an employee is in or en route to an employer-provided parking lot. *E.g., Epler v. North American Rockwell Corp.,* 482 Pa. 391, 393 A.2d 1163 (1978). When parking is provided, the employer has in essence directed which way the employee will go immediately after work. *Id.* Unlike the claimant in *Eberle,* an employee with employer-provided parking is not going his or her own way as a member of the general

pedestrian public, but rather is being directed to a pre-determined location. When such direction is given, the employee's presence is "required by the nature of his or her employment." In the absence of such direction, the off-duty employee becomes a member of the general public and is no longer entitled to compensation under the Act.

Notwithstanding Temple's arguments to the contrary, we find that *Workmen's Compensation Appeal Board v. L.L. Stearns & Sons*, 20 Pa.Commw. 244, 341 A.2d 543 (1975), is consistent with the above analysis. In *Stearns*, the claimant/employee punched out of work, exited through the required employee exit, proceeded along the sidewalk abutting the store, and injured herself on a sidewalk extension. In deciding to allow recovery under the Act, the Commonwealth Court emphasized that "it was the employer's ... requirement of which door to use in leaving, which necessarily required the employee's presence outside the building on the sidewalk controlled by the employer." *Id.* at 250, 341 A.2d at 546. As in *Epler*, the employer essentially directed the path that the employee would take to leave work. Thus, the employee's presence on the sidewalk was required by the nature of her employment.

Since Gertz was not provided with parking, or directed to leave work through a certain exit, her case is not controlled by *Epler* or *Stearns*. When she left the building, she was no longer being guided by anything related to her employment. As she proceeded down Watts Street, she was simply a member of the general public, and was not in any place that she was required to be by the nature of her employment. Gertz's injury, therefore, did not occur in the course of employment, as that term is defined in the Act.

Once we determine that this injury is not compensable under the Act, Gertz is free to sue her employer in tort to recover damages. We conclude, therefore, that the trial court did not err in finding that Gertz was allowed to maintain this

tort action against Temple.[2]

Affirmed.

**2.** Temple also asserts error in the trial court's granting of $1,000 in counsel fees to Gertz as a sanction for untimely filing of post-trial motions. As the record supports the trial court's conclusions that counsel's lack of diligence unnecessarily delayed the proceedings and caused additional legal work, we find that the trial court was within its discretion to award this sanction. 42 Pa.C.S.A. § 2503(7).