## Dennis v. Kravco Co.

C.P. of Montgomery County, no. 97-23346.

*Robert P. Snyder*, for plaintiff/appellant.

*Nancy E Campbell*, for defendants/appellees.

FURBER, *J.*, May 18, 2000—

ADDENDUM TO MEMORANDUM OPINION
OF MARCH 6, 2000

This opinion is necessitated by the plaintiff's appeal of this court's order dated March 6, 2000, granting defendants' Kravco Company et al., motion for summary judgment.

Pennsylvania Rule of Appellate Procedure 1925(a) states the following general rule: "Upon receipt of the notice of appeal the judge who entered the order appealed from, if the reasons for the order do not already appear of record, shall forthwith file of record at least a brief statement, in the form of an opinion, of the reasons for the order, or for the rulings or other matters complained of, or shall specify in writing the place in the record where such reasons may be found."

The legal analysis for this court's March 6, 2000, decision are stated within the memorandum opinion and findings of fact included with the order of that date and we hereby adopt and re-affirm said reasoning. We request that the appellate court review the same in accordance with Rule 1925(a).

Accordingly, our order of March 6, 2000, granting the defendants' motion for summary judgment and dismissing the plaintiff's complaint should be affirmed.

---

FURBER, *J.*, March 6, 2000—The plaintiff, Paul Dennis resides in Philadelphia and travels by public transportation to his place of employment in King of Prussia, Pennsylvania. The plaintiff has been employed in the

maintenance department of defendant Kravco Company for more than five years. Kravco is the owner/operator of the King of Prussia shopping center complex which consists of "The Plaza" and "The Court." The plaintiff reports to work at Kravco's Maintenance Shop, located in a separate building behind the Macy's store, where he is required to punch in a daily timecard. The plaintiff's normal hours of employment are from 6 a.m. until 2:30 p.m., five days per week.

On December 15, 1995, the plaintiff rode the bus to work, as was his usual practice, and disembarked between 5:45 a.m. and 6 a.m. (Deposition of Paul Dennis, 6-18-98, at 14.) The bus stop is located on Mall Boulevard, a public street bisecting the buildings and parking lots of "The Plaza" from those of "The Court." The plaintiff stepped off the bus and onto the sidewalk, took a few steps, slipped, and fell backward. (*Id.* at 17, 20, 21.) "The intended path which he normally took from the bus stop to his place of employment required him to walk down the sidewalk on Mall Boulevard, cross a street to 'The Court,' walk around the outside of the shopping center . . . and go to the maintenance shop, located in the back of the shopping mall . . . next to Macy's, for the purpose of punching his time card and commencing work." (Plaintiff's affidavit contra defendant's motion for summary judgment, 10-12-99, at 2, ¶6.) At 6 a.m., there is only one entrance to the maintenance shop available for employees to punch in. (Affidavit of Brian Molchany, 10-21-99, at 2, ¶6.) The defendant owns, controls, and possesses the sidewalk on which the plaintiff fell. (Complaint, 1-14-98, at 2, ¶4.)

The plaintiff contends that his injuries did not occur within the course of his employment asserting that he was merely a pedestrian at the time of the accident as

opposed to an employee. This distinction is significant because, if the plaintiff is found to have been an employee at the time of his accident, then the defendant is immune from any negligence claims since the plaintiff would be precluded from seeking a common-law remedy by operation of the exclusivity provision of the Pennsylvania Workers' Compensation Act, 77 P.S. §1 et seq. The Supreme Court of Pennsylvania has analyzed the scope of this statutory remedy as follows in *Kohler v. McCrory Stores*, 532 Pa. 130, 615 A.2d 27 (1992):

"Pursuant to the provisions of the Act, benefits are available to an employee suffering injury, 'regardless of his previous physical condition, *arising in the course of his employment* and related thereto . . .' 77 P.S. §411(1). . . . (emphasis added) There is a rebuttable presumption that an injury is work-related where it occurs on the employer's premises. . . .

"In *Socha v. Metz*, 385 Pa. 632, 637, 123 A.2d 837, 839 (1956), this court stated that: 'By virtue of the Compensation Act, an employee's common-law right to damages for injuries suffered in the course of his employment as a result of his employer's negligence is completely surrendered in exchange for the exclusive statutory right of the employee to compensation for all such injuries, regardless of negligence, and the employer's liability as a tort-feasor under the law of negligence for injuries to his employee is abrogated.' *Id.* at 637, 123 A.2d at 839. This principle of exclusivity is expressly set forth in section 303 of the Act, which provides: 'The liability of an employer under this Act shall be exclusive and in place of any and all other liability to such employees . . . otherwise entitled to damages in any action at law or otherwise on account of any injury or death as defined in [section 411].' 77 P.S. §481." *Id.* at 135-36,

615 A.2d at 30. (emphasis in original) (citations omitted)

Whether an employee is within the course of his employment when an injury occurs is a question of law to be determined on the basis of findings of fact. *Thomas Jefferson University Hospital v. W.C.A.B. (Cattalo),* 144 Pa. Commw. 302, 601 A.2d 476 (1991). Section 301(c)(1) of the Act requires that, when an employee is not engaged in the furtherance of the business or affairs of the employer, he must satisfy three conditions in order for his injuries to be found to have occurred in the course of employment: (1) the injury occurred on the employer's premises; (2) the employee's presence thereon was required by the nature of his employment; and, (3) the injury was caused by the condition of the premises or by the operation of the employer's business thereon. *Dana Corporation v. W.C.A.B. (Gearhart),* 120 Pa. Commw. 277, 548 A.2d 669 (1988), *appeal denied,* 522 Pa. 606, 562 A.2d 828 (1989). The plaintiff herein argues that he does not satisfy the second prong because his presence on the sidewalk was not required by the nature of his employment.[1] We disagree.

The plaintiff relies on *Gertz v. Temple University,* 443 Pa. Super. 177, 661 A.2d 13 (1995), for his conclusion that he was not required to be present on Kravco's prem-

---

[1]. Mr. Dennis does not contest that the timing of his injury, approximately 15 minutes before the punch-in time, bore a reasonable relationship to the time he was scheduled to begin work. *Fashion Hosiery Shops v. Workmen's Compensation Appeal Board,* 55 Pa. Commw. 465, 423 A.2d 792 (1980). See also, *Albright v. Fagan,* 448 Pa. Super. 395, 400, 671 A.2d 760, 762-63 (1996): "[E]ven though not actually engaged in the employer's work, an employee will be considered to have suffered an injury in the course of employment if the injury occurred on the employer's premises at a reasonable time before or after the work period." (citations omitted)

ises by the nature of his employment when he fell on the icy sidewalk. The facts of *Gertz*, however, clearly distinguish it from those admitted to by Mr. Dennis. The *Gertz* court held that the plaintiff's injuries would not be compensable under the Act and that she was able to proceed in her negligence action based upon the following statement of facts: (1) Ms. Gertz had finished work for the day and exited from one of the many available exits of her employer's building; and, (2) she was proceeding toward a private, restaurant parking lot to retrieve her car when she slipped and fell on the sidewalk. In determining that Ms. Gertz's presence on the sidewalk was not required by the nature of her employment, Gertz relied on the Pennsylvania Supreme Court's analysis in *Eberle v. Union Dental Company*, 390 Pa. 112, 113-14, 134 A.2d 559, 559-60 (1957), wherein the employee exited the building after work, proceeded down a sidewalk toward his commuter train, and injured himself on a driveway that intersected the sidewalk:

"[W]hen claimant stepped to the cement sidewalk at the foot of the stairs, as he left the building, his employment for the day [was] terminated. On reaching the sidewalk claimant turned south to his right, but not because of anything further required of him 'by the nature of his employment'. . . When he stepped on the brick driveway the reciprocal obligations of claimant and the employer, each to the other, had been satisfied for the day. *When injured, claimant was no more than a member of the public using the sidewalk as a pedestrian* . . . there was nothing in the nature of his employment which required him to walk upon the driveway. *Id.* (quoting *Eberle v. Union Dental Company*, 182 Pa. Super. 519, 522-23, 128 A.2d 136, 139 (1956). (emphasis in original)" *Gertz*, 443 Pa. Super. at 183, 661 A.2d at 16.

The *Gertz* court continued: "Similarly, Temple has failed to establish that Gertz's presence on the sidewalk where she was injured was required by the nature of her employment. Gertz had finished work for the day, exited from one of the many available hospital exits, and proceeded down Watts Street to retrieve her car. As with the employee in *Eberle*, Gertz left work and proceeded in a direction wholly of her own choosing. She was not guided by anything related to her employment, and therefore was simply another member of the general pedestrian public." *Gertz, supra,* 443 Pa. Super. at 183, 661 A.2d at 16.

The actions of the plaintiff herein, however, were guided solely by the nature of his status as an employee at a time when the reciprocal obligations of he and his employer were just beginning for the day. We find the following undisputed facts of record to be determinative in deciding this matter:

• The plaintiff disembarked from public transportation at approximately 5:45 a.m. with two other Kravco employees.[2]

• The sidewalk upon which the plaintiff fell and was injured was owned, controlled, and possessed by the defendant, Kravco.

• "The intended path which he normally took from the bus stop to his place of employment required him to walk down the sidewalk . . . and go to the maintenance shop . . . for the purpose of punching his timecard and commencing work." Plaintiff's affidavit, *supra* at 2, ¶6.

---

2. Plaintiff named Rochelle Racall and Darnell Drayton as two members of Kravco's maintenance crew who rode the bus to work with him and disembarked at the same stop. Deposition, *supra* at 10, 15-18.

• The employer required the plaintiff to punch in at the maintenance shop at 6 a.m. Deposition, *supra* at 23.

• When the injuries occurred, the Plaintiff was engaged in his typical "daily routine for going to work." Plaintiff's memorandum of law contra defendant's motion for summary judgment, 10-05-99, at 2.

• As a member of Kravco's maintenance crew, in his capacity as an employee, the plaintiff has had the job of salting the actual sidewalk upon which he fell. Deposition, *supra* at 13.

• The plaintiff advised the Kravco employee whose responsibility it was, at that time, to salt the sidewalk. *Id.* at 21, 24.

Mr. Dennis was not a pedestrian at the time of his injury. He arrived on the premises of his employer at the time when he typically began his work day, in the company of two co-workers. His standard route required him to walk on the sidewalks owned by Kravco, to a maintenance shed owned by Kravco, and enter the only door to that shed through which he could punch in his daily timecard. Thus, for the reasons we have so articulated, this court enters the following order:

And now, March 6, 2000, upon consideration of the defendants' motion for summary judgment, and the plaintiff's response thereto, and after review of the briefs, memoranda of law, exhibits, and deposition testimony submitted by the parties, and following argument before the undersigned, it is hereby ordered and decreed that the defendants' motion is granted. Judgment is entered in favor of Kravco and against Paul Dennis, and the plaintiff's complaint is dismissed.