J-S06003-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| SUZANNE STAHL | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHRISTIAN STAHL | |
| Appellant | No. 1304 EDA 2016 |

Appeal from the Order Entered April 12, 2016
In the Court of Common Pleas of Delaware County
Domestic Relations at No(s): 2012-006263

BEFORE:  MOULTON, J., RANSOM, J., and FITZGERALD, J.[*]

MEMORANDUM BY MOULTON, J.:                **FILED JULY 14, 2017**

Christian Stahl ("Husband") appeals *pro se* from the April 12, 2016 order entered in the Delaware County Court of Common Pleas denying his amended petition for special relief in the nature of a request to vacate the divorce decree and strike the property settlement agreement for lack of disclosure and fraud and ordering that he pay counsel fees.  We affirm.

On August 2, 2002, Husband and Suzanne Stahl ("Wife") married.  On July 23, 2012, Wife filed a complaint in divorce.[1]  On January 16, 2015, the

_____

[*] Former Justice specially assigned to the Superior Court.

[1] There have been numerous petitions filed in this matter, both in divorce and in custody.  In this memorandum, we discuss only the petitions relevant to this appeal.

parties signed a property settlement agreement.[2] On February 17, 2015, the trial court entered an order of divorce, which incorporated the property settlement agreement. On November 18, 2015, Husband filed a petition for special relief in the nature of a request to vacate the property settlement agreement for lack of disclosure. On December 1, 2015, Wife filed a petition to strike Husband's petition for special relief for failure to state a basis upon which relief can be granted and for failure to plead alleged fraudulent behavior with specificity and failure to attach party verification. On December 18, 2015, Husband filed an amended petition for special relief in the nature of a request to vacate the divorce decree and strike the property settlement agreement for lack of disclosure and fraud ("amended petition to vacate"). In his amended petition to vacate, Husband claimed, in part, that Wife failed to disclose all marital assets and misrepresented the amount of funds in a trust account. On January 27, 2016, Wife filed an answer to Husband's amended petition to vacate, in which she requested counsel fees.

On March 10, 2016 and March 11, 2016, the trial court held a hearing, which it described as follows:

> A full and fair hearing on the Petition, Amended Petition and response thereto was scheduled to occur on March 10, 2016. At such time, [Husband] failed to appear as

---

[2] Husband was represented by counsel until January 2015. On January 8, 2015, Husband filed an entry of appearance as a self-represented party and on January 12, 2015, counsel that had been assisting with the property settlement agreement withdrew his appearance.

directed by the Trial Court. Indeed, the Court and [Wife], who was present with counsel, waited from 9:00 A.M. until 11:00 A.M. before learning that [Husband] would not be appearing. [Husband's] counsel,[3] after being contacted by Court staff, finally appeared at the March 10, 2016 hearing and stated that he "thought" the hearing had been continued. When questioned as to why he thought this, Counsel could offer no reasonable explanation. Indeed, Counsel admitted he did not contact chambers or opposing counsel to verify or question whether the hearing had been continued. Counsel at that time withdrew the initial Petition on the record and requested argument on the Amended Petition. (N.T. 3/10/2016, at p. 9). In spite of the fact that the allegations ple[]d in the Amended Petition were very fact specific and the Trial Court could not accept counsel's mere representations without direct testimony, the Trial Court allowed [Husband's] counsel to attempt to make argument. Indeed counsel for [Husband], without [Husband] present, could not produce evidence that information about various assets were not produced prior to [Husband] signing the Property Settlement Agreement. (N.T. 3/10/2016, at p. 77). Although counsel for [Husband] represented to the Trial Court that [Husband] learned in July of 2015 that the trust amounts disclosed on the inventory on the Property Settlement Agreement were inaccurate, [Husband] by and through counsel, could provide no response to the Trial Court's questions concerning the four (4) month delay in filing of the Petition. (N.T. 3/10/2016, at p. 86).

[Husband's] argument at the March 10, 2016 hearing was centered on an argument about intrinsic fraud relative to the Property Settlement Agreement. At the conclusion of the March 10, 2016 hearing, the Trial Court scheduled another day for the hearing so that [Husband] could be present to offer testimony and likewise to allow counsel for [Husband] the opportunity to submit case law in support of [Husband's] intrinsic fraud argument. (N.T. 3/10/2016, at p. 107). The next hearing date, which occurred on March

_____

[3] On May 27, 2016, Husband again filed an entry of appearance as a self-represented party.

11, 2016, [Husband] abandoned his intrinsic fraud argument, now taking up an argument for setting aside the Property Settlement Agreement and opening the Divorce Decree on the grounds of extrinsic fraud. At this time, counsel for [Husband] made an oral motion to create a constructive trust under Section 3505(d) of the Divorce Code. Counsel for [Wife], Mr. Huffman, however, objected to the oral motion arguing that his preparation for the hearing was centered on [Husband's] fraud argument. The Trial Court, therefore, denied [Husband's] oral motion, but stated on record that [Husband] had the right to file a petition under this section, if he felt it was pertinent. (N.T. 3/10 /2016, at p. 8).

[Husband's] new argument at the March 11, 2016 hearing was an unsubstantiated accusation that extrinsic fraud occurred because [Wife] over-litigated the divorce, custody and support actions, which caused such an economic strain on [Husband] that he was under "economic duress" to sign the Property Settlement Agreement. Besides having no basis in law, this accusation has no basis in fact. Indeed, a review of the docket reveals that there were petitions filed by both parties. As outlined in detail above, a portion of [Husband's] filings have amounted to mere frivolous filings. Furthermore, although directed by the Trial Court to provide case law, [Husband] failed to do so. The Trial Court likewise granted [Husband's] request to submit a Memorandum of Law on the extrinsic fraud issue. [Husband's] Memorandum of Law cites no cases to support his proposition and [Wife] spent time and resources drafting a response Memorandum. [Wife] attached to the response Memorandum an Affidavit attesting under oath that the time spent representing [Wife] at the March 10, 2016 hearing, March 11, 2016 hearing, and responses to [Husband's] pleadings related to the fraud issue cost Appellee $6,000.00 in legal fees.

Opinion, 6/27/2016, at 5-7 ("1925(a) Op.") (unpaginated).[4]

---

[4] Wife had reiterated her request for counsel fees at the hearing, and both counsel presented argument on the request. N.T., 3/11/16, 105-120.

On April 12, 2016, the trial court denied Husband's amended petition to vacate and ordered Husband to pay counsel fees to Wife's counsel in the amount of $6,000.

Husband filed a timely notice of appeal. He raises the following issues:

> I. The honorable trial court abused its discretion in awarding [counsel] fees without finding or stating any basis for the award.
>
> II. The honorable trial court abused its discretion in not determining the parties ability to pay and the reasonableness of the award.
>
> III. The honorable trial court abused its discretion in not first hearing [Husband]'s motion to recuse.
>
> IV. The honorable trial court abused its discretion in failing to create a constructive trust with [Wife's] assets omitted from the Delaware County pre-trial statement inventory and appraisement pursuant to Pa.R.C.P. § 1920.33 sua sponte pursuant to 23 Pa.C.S. § 3505(d).
>
> V. The honorable trial court abused its discretion in awarding [counsel] fees that were improperly requested in divorce.

Husband's Br. at 6-7.

In his first, second, and fifth issues, Husband challenges the award of counsel fees. Husband maintains the trial court abused its discretion because it did not base its award of counsel fees on any factual findings, it did not determine whether Husband was financially able to pay the award, and the award would have a chilling effect and went against the general principle that parties are responsible for their own fees.

Our review of an order awarding counsel fees is:

limited solely to determining whether the trial court palpably abused its discretion in making a fee award. ***In re Estate of Liscio***, 432 Pa.Super. 440, 444, 638 A.2d 1019, 1021 (1994), *appeal denied,* 539 Pa. 679, 652 A.2d 1324 (1994). If the record supports a trial court's finding of fact that a litigant violated the conduct provisions of the relevant statute providing for the award of [counsel] fees, such award should not be disturbed on appeal. ***Id.***

***Berg v. Georgetown Builders, Inc.***, 822 A.2d 810, 816 (Pa.Super. 2003) (quoting ***Thunberg v. Strause***, 682 A.2d 295, 299 (Pa. 1996)).

A party is entitled to reasonable counsel fees where he or she is awarded fees "as a sanction against another participant for dilatory, obdurate or vexatious conduct during the pendency of a matter." 42 Pa.C.S. § 2503(7). Our Court has stated:

Generally speaking, "obdurate" conduct may be defined in this context as "stubbornly persistent in wrongdoing." WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 815 (1987). Conduct is "dilatory" where the record demonstrates that counsel displayed a lack of diligence that delayed proceedings unnecessarily and caused additional legal work. *See Gertz v. Temple Univ.,* 443 Pa.Super. 177, 661 A.2d 13, 17 n. 2 (1995).

***In re Estate of Burger***, 852 A.2d 385, 391 (Pa.Super. 2004). The Pennsylvania Supreme Court has defined "vexatious" for section 2503(9)[5] as: "An opponent also can be deemed to have brought suit 'vexatiously' if he filed the suit without sufficient grounds in either law or in fact and if the

_____

[5] We have stated that conduct that is "dilatory, obdurate or vexatious" under section 2503(7) is similar to that which would constitute conduct that is "arbitrary, vexatious or in bad faith" under section 2503(9). ***In re Estate of Burger***, 852 A.2d at 391.

- 6 -

suit served the sole purpose of causing annoyance." **Berg**, 822 A.2d at 816 (quoting **Thunberg***,* 682 A.2d at 299).

Here, the trial court conducted a hearing on the amended petition to vacate. At the hearing, the trial court heard testimony from Husband, including on Husband's finances. **See, e.g.,** N.T., 3/11/16, 28-37. Further, the trial court heard argument from both Husband's counsel and Wife's counsel on the motion for counsel fees. **Id.** at 105-20.

The trial court found Husband's conduct was "dilatory, obdurate or vexatious." 1925(a) Op. at 7. It reasoned:

> The Trial Court's decision in this instance is supported by ample evidence of record. As outlined in detail above, [Husband] blatantly disregarded the Trial Court's instructions to be present at a hearing, which the Trial Court specially listed for disposition of [Husband's] Petition and the Amended Petition. After judicial resources and [Wife's] time were wasted awaiting a response with respect to whether [Husband] was appearing, [Husband's] counsel attempted to make "legal argument," which amounted to recitation of facts or which counsel had no first-hand knowledge. At the conclusion of the March 10, 2016 hearing, the Trial Court instructed counsel to provide case law in support of his argument, which [Husband] then failed to provide. Indeed, after a whole day of hearing [Husband's] argument on March 10, 2016, [Husband] appeared the very next day, March 11, 2016, abandoning his initial argument of intrinsic fraud and spent another day of testimony pursuing the theory of extrinsic fraud. [Husband's] new legal theory of "economic duress" as extrinsic fraud was not supported by any case law or testimony, in spite of the Trial Court providing [Husband] additional time to craft a legal memorandum.
>
> Finding [Husband's] Amended Petition completely without merit and unsupported by law, the Trial Court accepted [Wife's] Affidavit of [Counsel] fees, which counsel

provided, requesting fees for approximately nine (9) hours. As the bulk of that time was spent in court, litigating this matter, the Trial Court had first-hand knowledge of the time expended. The Trial Court therefore accepted [Wife's] Affidavit of [Counsel] fees as reasonable. As for [Husband's] ability to pay the [counsel] fee, testimony was presented at the hearing or previous hearings that [Husband] earns in excess of $100,000.00 a year.

*Id.* at 7-8. We conclude this was not an abuse of discretion.

In his third issue, Husband claims the trial court should have addressed his motion to recuse before ruling on the amended petition.[6]

On March 8, 2016, Husband filed a motion to recuse Judge Cartisano.[7] The caption of this motion states "[i]n custody," rather than "in divorce." Judge Cartisano did not rule on it prior to denying the amended petition to vacate. At the end of the March 11, 2016 hearing, Judge Cartisano and the parties agreed to re-schedule a hearing in the custody matter because Husband had filed a notice of appeal in the custody matter, which divested the trial court of jurisdiction. N.T., 3/11/16, at 120-22. The trial court also discussed the motion to recuse, which it stated was filed in the custody matter. *Id.* at 122.[8] The trial court noted it would set a hearing for the motion after this Court released the case. *Id.* Husband did not object. *Id.*

_____

[6] Although we have found no order denying the recusal motion in the certified record, the parties agree that Judge Cartisano eventually denied the motion. Husband's Br. at 40; Wife's Br. at 7.

[7] This case was re-assigned to Judge Cartisano in October 2015, following the recusal of the Honorable Barry C. Dozer. 1925(a) Op. at 2.

[8] On March 14, 2016, Wife filed a response to the motion to recuse.

at 122-23. Based on this procedural posture, we conclude the trial court did not abuse its discretion in not addressing the motion prior to ruling on the amended motion to vacate.

In his fourth issue, Husband claims the trial court abused its discretion in failing to create a constructive trust.

At the hearing on the amended petition to vacate, Husband made an oral motion for a constructive trust. The trial court noted that Husband could not request a constructive trust by oral motion, stating: "What is before me is a Petition to Open the Divorce Decree because of fraud. That may or may not be pertinent, but it's the petition that's been filed." N.T., 3/11/16, at 7. The trial court denied the motion, but stated: "[Y]ou have the right to file, if you feel that section is pertinent." *Id.* at 8.

We conclude the trial court did not abuse its discretion in denying the oral motion for constructive trust and informing Husband he could file an petition seeking a constructive trust if pertinent.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/14/2017